JOHN CARPENTER *et al.*

*v.*

THE CAPITAL ELECTRIC COMPANY.

*Opinion filed February 17, 1899.*

1. EASEMENTS—*easement of travel does not include right to have electric light wires erected.* An easement of travel over a private alley, the fee of which is in the abutting owners, does not include the right to have electric light wires and poles erected without the consent of the owner of the fee of the portion of the alley over which the wires extend.

2. STREETS AND ALLEYS—*electric light wires in private alley are an additional servitude.* The erection of poles and wires in a private alley, the fee of which is in the abutting owner, for the purpose of supplying light to a private party who has an easement of travel over the alley, constitutes an additional servitude, which the owner of the fee is not required to bear without compensation.

3. SAME—*electric company cannot string wires in private alley without consent of owner of fee.* An electric company having authority from the city to erect poles and string wires in the public streets and alleys, cannot erect poles and wires in a private alley without the consent of the owner of the fee.

4. EQUITY—*equity may entertain bill to remove electric wires from private alley.* Equity has jurisdiction of a bill by the owner of the fee of a private alley subject to an easement of travel by the owners of adjoining property, to compel the removal of electric light poles and wires erected in the alley without his consent.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This is a bill filed by the appellants against the appellee, praying that the appellee may be decreed to take down two electric wires and a cross-arm, stretched and

extending over a private alley in the rear of the property of the appellants in the city of Springfield, and to remove said wires and cross-arm from said alley, so as to render the use thereof with the appurtenances by the appellants as the same was used previous to the erection of the said wires and cross-arm. The bill was answered by the appellee; and, upon hearing had, a decree was entered by the circuit court dismissing the bill at the cost of the appellants. The present appeal is prosecuted from such decree of dismissal.

The facts, as shown by the pleadings and proofs, are substantially as follows: The appellants herein are the children of one William Carpenter, now deceased. William Carpenter, in his lifetime, purchased at a judicial sale, held under a decree of the circuit court of Sangamon county entered in a certain suit pending therein, certain lots fronting thirty-six feet on Washington street in the city of Springfield, and running north ninety-seven feet, and received for said property from the master in chancery of said court two deeds, one, dated October 25, 1852, and the other, dated December 26, 1855. One of said deeds conveyed a strip ten feet wide and ninety-seven feet deep, and the other of said deeds conveyed a strip twenty-six feet wide and ninety-seven feet deep. The deeds contained these words: "Ten feet in width by twenty-six feet (or ten feet) on the north end to be used as an alley." In 1852 said master in chancery, in pursuance of the decree in the same cause, sold to one S. B. Fisher a parcel of land immediately west of the parcel so sold to William Carpenter, and having a frontage of twenty-two feet on Washington street and a depth of ninety-seven feet; in the same year the master in chancery, in pursuance of the same decree, sold to Fagan and Fitzpatrick a parcel of land immediately west of the land sold to Fisher, and having a frontage of twenty-two feet on Washington street and a depth of ninety-seven feet. All said deeds to Carpenter and Fisher and Fagan and

Fitzpatrick were made at the same time and by virtue of the same decree in the same cause. Each of the deeds to Fisher and to Fagan and Fitzpatrick contained the words: "Ten feet in width by twenty-two feet on the north end to be used as an alley." The grantees in said deeds took immediate possession of the premises so sold to them, and they, or their grantees, and descendants by themselves or tenants have remained in possession thereof for more than twenty years last past, and are now in possession of the same. There are no other words in said deeds restricting the rights of the grantees there-in, except the words above quoted. The said alley was closed at the west end thereof, and extended westward from its eastern opening only eighty feet, and did not run through the block in which it is located. Said alley has been open for the benefit of the parties, for whom it was created, since said deeds were executed, and has been in continual use. The property in question is situated on the north-east corner of the public square in Springfield, and was, when said deeds were made, and is now, business property; and business buildings were erected thereon soon after said deeds were executed.

The appellee is a corporation, organized under the laws of Illinois, and has a grant from the city of Springfield to erect poles and wires for the purpose of conducting electric currents for the purpose of furnishing electric lights on all the streets and alleys of said city. The tenant, occupying the building on the lot twenty-two feet wide sold to Fisher, and lying next west of the lot, on which the building of the appellants thirty-six feet wide stands, requested the appellee to introduce electric light into the building on said lot next west of the lot of appellants through said alley, which was accordingly done. The wires were strung for this purpose along said alley entering the alley at the east end thereof. The eastern ends of said wires are attached to a pole erected in Sixth street, which runs north and south on the east side of the

building of appellants; and the wires extend west over said alley to the premises immediately west of the lot of appellants; the west ends of said wires, which are two in number, are attached to a cross-arm fastened to a pole at the top thereof, which cross-arm extends into the alley; said wires are about fourteen feet above the surface of the ground, and about three feet in the rear of the store building on the premises of the appellants; the pole, to which the western ends of the wires are attached, does not stand in said alley, but said cross-arm and pole are wholly upon the premises to the west of the lot of the appellants. Said wires are now used by appellee to furnish electricity for lighting purposes to the tenants of the building, adjoining the building of the appellants on the west. The wires were erected without the knowledge or consent of appellants, or of either of them, before the commencement of this suit, and appellants requested appellee to remove said wires and cross-arm from said alley, but appellee refused and still refuses to take down the two electric wires and cross-arm from the alley. The present tenants of the Fisher lot are in the rightful possession of and entitled to the enjoyment of all easements and appurtenances created in favor of the Fisher lot.

C. A. KEYES, for appellants.

BROWN, WHEELER, BROWN & HAY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The alley in the rear of the building of appellants is a private alley, created for the use of the appellants and of the owners of the two lots lying west of the lot of the appellants. It is alleged in the bill, that the easement, consisting of the use of said alley, as created by the original deeds conveying the property, was so created for the benefit of the property of the appellants, and of the two pieces of property adjoining the property of the appel-

lants on the west. It is admitted in the answer that the alley was reserved, as alleged in the bill, for the benefit of the properties aforesaid, and for a right of way to and from the rear of said premises. The words contained in the deeds, to-wit: "Ten feet in width * * * on the north end to be used as an alley," taken in connection with the allegations of the bill and the admissions of the answer as above set forth, clearly indicate that the alley ·is a private alley. The purpose of the reservation in the deeds was not for the use of the public, but for the use of the parties to the deeds; and, hence, the public acquired no right to the use of the alley; and no public easement was created therein. The fee of that portion of the alley, ten feet wide and thirty-six feet long in the rear of the building of the appellants, was in the appellants, as owners of the abutting property, subject, however, to the right of the property owners on the west to use the strip of land reserved for the purposes of an alley. In other words, the title is in the appellants, but the property owners on the west have the right of passage over the alley; and the title of appellants is burdened only with said right of passage or easement. The question then presented is, whether the appellee had the right to extend electric wires over the portion of the alley in the rear of the building of appellants, for the purpose of furnishing light to the occupants of the building lying west of the property of appellants, without the consent of the appellants.

It is conceded, that the appellee company had a grant from the city to erect its poles and string its wires for the purpose of furnishing electric light along the streets and alleys of the city. But the alley here was not a public alley, over which the city had control, but was a private right of way, the use of which was confined to the appellants and the owners of the two properties, adjoining them on the west. (*Garrison* v. *Rudd*, 19 Ill. 558). It served as a means of accommodation to a limited neigh-

borhood for local convenience. (2 Am. & Eng. Ency. of Law,—2d ed.—p. 149). It is also to be observed that, here, the electric wires passing over and above the alley were so placed for the purpose of furnishing light to private persons and not for the purpose of furnishing light to the public. It seems to be clear, that the use of this alley for the purpose thus indicated imposed a new and additional burden upon the fee owned by the appellants, subject to the easement consisting in the use of the alley. The erection and use of telegraph poles in a public highway, where the abutting land owner is the owner of the fee in the highway, constitutes a new servitude, which entitles such owner to recover damages for the additional use thus created. (*Board of Trade Tel. Co.* v. *Barnett*, 107 Ill. 507). The principle, which is applied to the erection of telegraph poles on a public highway, where the fee of the highway to the center thereof is in the abutting owner, and to the stringing of wires upon said poles over the highway, applies to a private alley, like that here under consideration, where the fee of the ground is in the owner of the property abutting upon the alley. It is immaterial to inquire whether the damages are great or small. It is sufficient that the property rights of the appellants are interfered with in a manner detrimental to their interests, as the owners of the fee. The taking possession of their land forcibly and against their will comes within the constitutional inhibition, that private property shall not be taken or damaged without just compensation. (*Board of Trade Tel. Co.* v. *Barnett, supra*). Nor is it material that the telegraph wires are some fourteen feet above the surface of the ground. The owner of land, unless restricted by covenant or custom, has the complete control of the soil, together with the space above and below, so far as he may choose to use it. (*Tanner* v. *Volentine*, 75 Ill. 624). The uncontradicted evidence tends to show, that the presence of the wires in the alley would operate as a hindrance to the fire department in case it should

become necessary to extinguish a fire in the building of the appellants; and, also, that the presence of the wires in the alley would have a tendency to obstruct the conveyance of freight or other material to and from the second story or upper window in the rear part of the building of appellants.

It is laid down in some of the authorities, that the erection of electric poles by city authorities for the purpose of lighting the public ways and places is not a taking of private property for public use, upon the ground that the use of the streets for this purpose is in the nature of an exercise of the police power by the city. But when an electric light company erects poles or strings wires, not for the purpose of lighting public ways and places, but for the purpose of supplying light to private individuals and firms in the transaction of its own corporate and commercial business, such erection of poles and stringing of wires constitute an additional easement in the highway or private alley for which the owner of the fee may demand compensation. (*Haverford Electric Light Co.* v. *Hart*, 13 Pa. Co. Ct. 369; *Tiffany* v. *United States Illuminating Co.* 51 N. Y. Sup. Ct. 280; Crosswell's Law Relating to Electricity, sec. 126).

It has been held that the laying down of gas-pipes or other pipes for the purpose of supplying the city and its inhabitants with light is a legitimate use of the streets, for which the abutting owner is not entitled to compensation. (2 Dillon on Mun. Corp.—4th ed.—sec. 691, note; Elliott on Roads and Streets, p. 305; *Chicago, Burlington and Quincy Railroad Co.* v. *Street Railroad Co.* 156 Ill. 255). And it has been said that the legal relations of electric light wires through the streets of a city must be analogous to those of gas-pipes, upon the ground that both the electric light wires and the gas-pipes are means of furnishing light from a central source of supply, and that, if the laying of gas-pipes in a city street is not an additional servitude on the land of the abutting owner,

the same should be true of laying tubes for electric light wires, or placing posts in the ground for carrying the wires overhead. (Keasby on Electric Wires, p. 86). This doctrine, however, applies only to such public streets and alleys as are under the control of the municipality, and where the light to be transmitted by the wires or pipes is for the benefit of the public, as well as of property owners along the line of the street. The doctrine, however, can have no application to such a private alley as is that in the case at bar, where the fee of the ground in the alley is in the abutting owners, and where the easement, consisting of the use of the alley, is confined to a limited number of property owners, whose lands abut upon the alley. When the strip of land in question was reserved in the original deeds for the purpose of an alley, it was intended for the ordinary purposes of passage and re-passage, and not for the erection of any such permanent obstruction as the stringing of wires in the manner shown in the present record.

It is said by the appellee, that equity has no jurisdiction to entertain the present bill. We regard this contention as without force. Where a party has a right of way over, or an easement in, certain real estate, and the same is obstructed, equity has jurisdiction, as the injured party has no adequate remedy at law. (*McCann* v. *Day*, 57 Ill. 101). Moreover, the injury complained of is one of a continuing or permanent nature, for which an action at law would not afford a complete and adequate remedy. (*Sterling's Appeal*, 111 Pa. St. 35).

The decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*