# Ivy Coal & Coke Co. *v.* Alabama Coal & Coke Co.

*Action of Trover for the Mining and Conversion of Coal.*

1. *Action of trover for mining and conversion of coal; measure of damages.*—In an action of trover for the mining and conversion of coal on and out of the land of another, where it is shown that neither the trespass nor the conversion was willful or intentional, the measure of damages is the value of the coal as it lay in the mine when and after it had been severed from the realty, with no deduction for the value of defendant's labor in effecting the severance; and not the value of the coal in and as a part of the realty.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This was an action of trover brought by the appellee, The Alabama Coal & Coke Company, against the appellant, the Ivy Coal & Coke Company, to recover damages for the conversion of certain coal.

The cause was tried by the court without a jury upon an agreed statement of facts, which was as follows: "It is admitted that plaintiff is and was at the time the coal was mined the owner of the land described in the complaint, and defendant mined and removed coal therefrom during the time described in the complaint as follows: The total coal mined was 22,250 tons; that the royalty was worth six (6c) cents a ton for the coal in place; that mining was worth forty (40c) cents per ton; that the value of coal, knocked down in mines, was forty-five (45c) cents per ton; that the coal was mined and removed prior to December 6, 1900, from which date interest is to be computed.

"That the defendant mined the 22,250 tons of coal upon the forty acres without any knowledge of plaintiff's title to the land, claiming under a lease from the receivers of the Lady Ensley Coal, Iron & Railroad Com-

[Ivy Coal & Coke Co. v. Alabama Coal & Coke Co.]

pany, and paid them royalty on the coal mined, and the trespass was unintentional.

"It is further agreed that the possession by defendant under the lease of the said receivers shall not in any wise affect the right of plaintiff to recover for coal taken, in this action.

"The object and purpose of this agreement is to submit to the court the question what damages the plaintiff is entitled to recover under the complaint, for coal taken and removed from the land by defendant as an unintentional trespasser."

The court rendered judgment in favor of the plaintiff for $10,853.66, assessing the value of the coal as "knocked down" at 45 cents per ton. To the rendition of this judgment the defendant duly excepted. Defendant also excepted to the court's refusal to grant the motion for a new trial. The defendant appeals, and assigns each of these rulings as error.

ALEX. LONDON & JOHN LONDON, for appellant.—The modern authorities are practically unanimous in holding that the rule of just compensation for the injury sustained, which is the ideal measure of actual damages, does not require the assessment, against an inadvertant trespasser, of the accession to the value of a chattel, which his labor has produced; but that he is entitled to an abatement therefor from the enhanced value.—*Warrior Co. v. Mabel Min. Co.*, 112 Ala. 624; *Wood v. Morewood*, 5 Q. B. 440; *Forsythe v. Wells*, 41 Pa. St. 295.

Where there is an innocent, mistaken trespass, and no fraud or negligence, the measure of damages is the value of the coal at the same rate as if the mines had been purchased by the defendants at the fair market value of the district, that is, while the mineral was yet part of the soil.—*Martin v. Porter*, 5 M. & W. 252; *Wood v. Morewood*, 5 Q. B. 440; *Forsythe v. Wells*, 40 Pa. St. 291; *Livingstone v. Rawyards Co.*, 5 App. Cas. 25-39; 2 Sedgwick on Damages, §§ 500-503; 2 Sutherland on amages, 513, *et seq.;* 26 Am. & Eng. Ency. Law, 829, *et seq.; Benson v. Alta Min. Co.*, 145 U. S.

428; U. S. v. N. P. R. R. Co., 67 Fed. Rep. 890; Durant Min. Co. v. Percy Min. Co., 93 Fed. Rep. 166; Single v. Schneider, 24 Wis. 299; Heard v. James, 49 Miss. 245; Herdic v. Young, 55 Pa. 176; Ayres v. Hubbard, 57 Mich. 322; Whitney v. Huntington, 37 Minn. 197; King v. Merriam, 38 Minn. 47; Beede v. Lamprey, 64 N. H. 510; Tilden v. Johnson, 52 Vt. 628; Winchester v. Craig, 33 Mich. 206; Coxe v. England, 65 Pa. 222; Striegel v. Moore, 65 Iowa 88; Foote v. Merrill, 54 N. H. 490.

SMITH & SMITH, contra.—In regard to the measure of damages, in trover, for the conversion of personal property, under the general rule, the jury may allow the highest market value of the property from the date of the conversion up to the trial.—Burks v. Hubbard, 69 Ala. 379; Renfro v. Hughes, 69 Ala. 583; Linen v. Reeves, 68 Ala. 89.

A somewhat different rule prevails when severed portions of realty are converted. If severed by a willful trespasser the value of the property converted at the time and place of a demand for the property is the rule; but if the trespass was inadvertent, or unintentional, the rule is to allow damages according to the value of the property immediately after it became personal property, such as trees severed, and coal or ore after it is knocked down in the mines.—Brooks v. Rodgers, 99 Ala. 31; Birmingham Mineral R. Co. v. T. C., I. & R. R. Co., 127 Ala. 137; 28 So. Rep. 679; Omaha & G. S. R. Co. v. Tabor, 5 L. R. A. 236; Moody v. Whitney, 61 Am. Dec. 239; Beede v. Lamprey, 10 Am. St. Rep. (N. H.) 426.

The same rule prevails in other States where coal has been severed and converted and the action in trover or trespass de bonis asportatis.—Bennett v. Thompson, 35 N. C. 148; Ill. & St. L. R. & C. Co. v. Ogle (Ill.), 25 Am. Rep. 342; McLean County Coal Co. v. Lennen, 33 Am. Rep. (Ill.) 64; Franklin Coal Co. v. McMillan, 33 Am. Rep. (Md.) 280; 2 Waterman on Trespass, § 1096, p. 540; Barton Coal Co. v. Cox, 17 Am. Rep.

(Md.) 525; *Wiley v.. Millikan*, 64 Am. St. Rep. 238; *Wright v. Skinner*, 16 So. Rep. (Fla.) 335; *Blean v. McCullough*, 43 Am. Rep. 560.

McCLELLAN, C. J.—Action of *trover* by the Alabama Company against the Ivy Company for the mining and conversion by the latter company of coal on or out of the land of the former. The acts of the defendant cutting, or "knocking down" the mineral, and converting it were done in the belief that the land, the coal in it, and consequently the coal after it was severed belonged to it: Neither the trespass nor the conversion was willful or intentional, but each was at most merely inadvertent; and we may assume further for the purpose of this appeal, without, however, so deciding, that the defendant was guilty of no negligence in the premises, though it is quite difficult to conceive how one person could go upon and appropriate the minerals in a tract of land belonging to another in the mistaken belief that the land is his own without some negligence of inquiry in respect of the true ownership. But there was, as we have said, no willful or intentional wrong, and, as we assume, no negligence on the part of the defendant. Upon the case thus stated and assumed the sole question for our consideration is as to the measure of the damages the plaintiff is entitled to recover. The plaintiff's position is that it should be awarded the value of the coal as it lay in the mine after it had been cut, or knocked down, and thereby severed from the realty. The contention of the defendant is that the damages should be measured by the value of the coal in and as part of the realty, and that the recovery should be for the difference in the value of the land before and after the coal was removed. The former position, that of the plaintiff, is logical and sound. Trover does not lie for damages to land. This action could not be maintained for the deterioration in the value of plaintiff's land resulting from coal being taken out of it. The gist of the action is the injury the plaintiff suffered by being deprived of coal which had been sev-

ered from his land and had become personalty. This coal was as much plaintiff's chattel and his property in every sense as if itself had severed it, and the defendant had subsequently taken possession of it and converted it; and it is to our minds wholly illogical to say to a plaintiff in such a case that the property was wholly his, that it was the same value to him as if he had himself dug it from the earth or purchased it from its owner, and that in actions of trover the whole theory of the law is to give to the owner at least the value of his property that has been converted, yet because the defendant has committed the wrong of digging out this coal, his further wrong of converting it to his own use shall operate to deprive the plaintiff of the value of his coal. Some courts have so held, however. In England, what we hold to be the true rule—that the plaintiff is entitled to the value of the coal immediately upon its severance, with no deduction for the value of defendant's labor in effecting the severance—was declared in *Martin v. Porter,* 5 M. & W. 351. There seems to have been a departure from this case in *Wood v. Morewood,* 43 E. C. L. 810, but there also seems to have been a reaffirmance of it in *Morgan v. Powell,* 3 Adol. & Ellis, 278; and the House of Lords adopted the rule of *Wood r. Morewood* rather than that of *Martin v. Porter,* in the case of *Livingstone v. Rawyards,* 5 App. Cas. 25; but this was on a Scotch appeal, a fact which detracts from the decision as a precedent in the common law action of trover. In this country the doctrine contended for by the defendant was first declared by the Supreme Court of Pennsylvania, in *Forsyth v. Wells,* 41 Pa. St. 291, but that case came under criticism and explanation in the subsequent one of *Lyon v. Gormley,* 53 Pa. St. 261, from which latter case it seems clear that that court as then constituted would have broadly affirmed the doctrine contrary to that declared by a bare majority of the judges in *Forsyth v. Wells,* but for the existence of that case. On the other hand, there are many cases which will be found cited on appellee's brief as reported, which maintain unequivocally the rule that in

the action of trover on facts such as we have here, the plaintiff is entitled to recover the value of the coal as it lay in the mine when and after it had been severed from the realty; and this is the doctrine which has been declared by this court. In the case of *White v. Yawkey*, 108 Ala. 370, the precise question was presented with reference to trees severed through a mistake by one from the lands of another. The conflict of authority to which we have adverted was referred to in the opinion, the question was considered upon authority and principle, and the true measure of damages was declared to be "the value of the property immediately after severance, when it becomes a chattel, with the interest thereon." This declaration was not a *dictum* in that case. It was necessary to the decision of the sole question presented for review, namely, whether the trial court erred in refusing to allow the defendant to prove as a basis for damages the value of the logs immediately after severance, the plaintiff contending that he was entitled to recover their value at another point to which they had been transported, the market place for them or point nearer and more accessible to the market than the place at which they were felled. This case has been more than once referred to with approval by this court, (*Warrior Coal & Coke Co. v. Mabel Mining Co.*, 112 Ala. 624; *Birmingham Mineral Railroad Co. v. T. C. & I. Co.*, 127 Ala. 137) ; and we should now declare it to be the law, even if this court were not committed to it.

The judge of the city court, sitting without a jury, correctly assessed plaintiff's damages in accordance with the rule laid down in *White v. Yawkey*, and judgment was rendered accordingly. It must be affirmed.