Union Electric Telephone & Telegraph Co. v. Applequist.

---

## Union Electric Telephone and Telegraph Co. v. Fred Applequist.

1. HIGHWAYS—*The Construction and Maintenance of a Telegraph Line upon the Highway is a New and Additional Burden.*—The construction and maintenance of a telegraph line upon the highway is a new and additional burden upon the fee to which it was not contem-

plated it should be subjected and for which the owner is entitled to additional compensation.

**Bill for an Injunction.**—Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed December 16, 1902.

HENRY CURTIS and CHARLES M. OSBORN, attorneys for appellant.

JOHN T. KENWORTHY and S. R. KENWORTHY, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Rock Island County granting a temporary injunction. The hearing was upon the amended bill of complaint, answer, two affidavits and certain exhibits attached to and made a part of the pleadings.

The bill alleges that the complainant is and for more than twenty years last past has been the owner in fee and in the open, exclusive, and continuous possession of lot one and the east half of lot two, block fourteen, of the old town of Stephenson, now city of Rock Island, situated in the county of Rock Island and State of Illinois; and that said premises, together with other lands, were platted in 1835; that by failure to comply with certain requirements of the statute the fee to the streets and alleys did not pass to the municipality but remained in the abutting property owners. The bill further alleges that the defendants, the Union Electric Telephone and Telegraph Company and the Illinois Independent Telephone Company, were tearing up the pavement and excavating in the alley in the rear of complainant's premises preparatory to laying telephone wires and underground conduits. The bill also alleges that the excavations were in the half of the alley adjacent to complainant's premises and that the complainant owned that portion of the alley in fee. The bill further alleges that the complainant ordered the defendants to desist, but that

they refused.   The bill also alleges that no effort had been made to acquire the right to lay the wires or conduits by settlement or condemnation and that the exercise of such power was an appropriation of private property without the payment of the just compensation guaranteed by the constitution and laws of the state.   The bill prayed that defendants might be enjoined from proceeding until they acquired the right from the defendant so to do, by settlement or by the exercise of the right of eminent domain, if the latter remedy will lie in such a case.   The court so enjoined the defendants.

It appears from the pleadings that the city council, by ordinance, had granted the Illinois Independent Telephone Company and its assigns the right to lay wires and conduits and perform other acts in the streets and alleys of the city necessary for the purpose of installing and operating a telephone system, and that all the rights of the last mentioned company had been legally transferred to the Union Electric Telephone and Telegraph Company, which company alone prosecuted this appeal.   The answers deny that the complainant owns the fee to the whole or any part of the alley.

The complainant was the owner of the lots alleged to have been owned by him.   While the answers deny that he owned the fee to the center of the alley, the contention is abandoned by the appellant in its argument in this court. The arguments here made on both sides, proceed upon the assumption that the complainant owned the fee to the center of the alley.   In confirmation of the abandonment of the allegation of the answers above referred to we quote the following from appellant's brief :

"The principal question which we desire to present is, whether the owner of abutting property, who claims to be the owner of the fee of the adjoining land dedicated for a public alley of a large city, is entitled to a preliminary injunction restraining the stringing of wires through an underground conduit, put in under authority of the municipality for that purpose, to be used for telephonic communication by the public, by the municipality and by the abutting property owners, when it appears that such conduit

and wires and the use thereof will in no manner interfere with the use of the alley for all the purposes of an alley by the public, and by the abutters, or with the access to and from the abutter's property, or with free and uninterrupted access for light and air from the alley, or with the support of the abutter's adjoining property, or in any other respect whatsoever, but simply on the ground that the abutter is the owner of the naked fee of the land underlying the alley."

Moreover it was held in Davenport Bridge Railway Company v. Johnson, 188 Ill. 472, that the platting of this identical town of Stephenson, now city of Rock Island, did not vest the fee of the streets and alleys in the municipality, but left it in the abutting property owners. We therefore assume that the complainant was the owner of the fee to the center of the alley, subject only to such rights as the public acquired therein by virtue of a common-law dedication.

It is contended by appellant that the grant by the city to the telephone company was within the authorized power of the city and did not subject the alley to an added servitude. In other words it is contended that those dedicating the alley had in contemplation its uses for the purposes which the trial court enjoined the defendants from exercising. The position is untenable and at variance with the authorities of this state. In support of the contention, however, our attention is directed to a line of authorities holding that the construction and operation of a street railroad in a public street is not an added servitude and can not be enjoined by an abutting property owner. Those decisions are all predicated upon the fact that streets are created to facilitate travel, and they all declare that street railways are one of the methods of public travel, which the dedicators contemplated when the dedications were made. While that doctrine seems to be the established law of this state it has no application to, or bearing upon the questions presented by this record. Any use of a public street calculated to facilitate travel, under the authorities of our state, is held to be within the contemplation of the dedicator and

can not be considered an added servitude.    But a telephone system is not such a use.    Its object has no relation to public travel, or any contemplated use of the streets.    It is an added servitude.

In the case of The Board of Trade Telegraph Company v. Barnett, 107 Ill. 513, the court says:

"The principal question arising on the record may be stated to be, is the right to erect and maintain lines of telegraph thereon a part of the public easement in a common highway, or is such a structure a new and additional burden upon the fee, for which the owner of the fee may maintain an action? It was held by the trial court, and its decision was affirmed by the Appellate Court, the erection and maintenance of a line of telegraph on a highway, although done with the consent of the county board, was a new and additional burden upon the fee, and a recovery by the owner was permitted.    The correctness of that decision is challenged on this appeal.    The question raised is important, and being one of first impression in this court it has been fully considered.    Although the case has been elaborately argued, the views entertained by the court may be briefly stated, without any extended discussion.    There can be no disagreement as to the facts of the case, as they appear from the pleadings by admission on demurrer.    Only questions of law remain to be considered on the admitted facts.    As has been seen, defendant is a corporation existing under the laws of this state, with power to construct and use a line of telegraph in this state.    Permission in writing was given by the proper county board to erect poles on the highway in question, on which to maintain its line of telegraph, care to be taken to do no unnecessary injury.    Plaintiff was and is the owner of the fee, and objected to that use of the highway, but his wishes were disregarded.    No effort was made to agree with him as to the damages he would sustain, nor to assess the same under the statute.    It is conceded the *locus in quo* is an ordinary highway, situated without the limits of any municipal corporation.    The highway was constructed over lands owned by plaintiff.    Of that no question is made.    It follows, therefore, plaintiff is the owner of the fee to the center of the highway, subject only to an easement over and upon it in favor of the public.    The position taken by defendant is that the state can rightfully, as it has done, authorize the county board to permit defendant to construct its line

of telegraph upon the highway without the consent of the abutting land owner; that it imposes no new or additional burden thereon, and that when the public acquire an easement over land, for a compensation fully paid, the public obtain all the rights the land owner had, and the state may authorize any use of it not inconsistent with its use as a highway. On the other hand it is insisted the proprietary rights of plaintiff have been interfered with in a manner detrimental to his interests as the owner of the fee, and that the action of defendant in taking possession of his land forcibly, and against his will, comes within the constitutional inhibition, 'private property shall not be taken or damaged without just compensation.' The latter position is the one best sustained by authority, and rests on sounder principles. It is for the reason the construction and maintenance of a telegraph line upon the highway is a new and additional burden upon the fee to which it was not contemplated it should be subjected and for which the owner is entitled to additional compensation. The principle is, neither the state nor a municipal corporation has any rightful authority, under the constitution, to grant away the private property of the citizen, and if corporations quasi-public, in the exercise of the right of eminent domain with which they are clothed by the sovereign power of the state, seek to appropriate it, so that they may have the benefit therefrom, every principle of justice demands they should make just compensation, whether the property taken or damaged is of little or great value. But aside from all considerations of right and justice, the constitution has so declared, and its mandate in that respect may not be disregarded."

In the case of The Postal Telegraph Company v. Eaton, 170 Ill. 513, it was held that the construction of a telegraph line along a public highway in which the abutting owner held the fee, constituted an added burden, and an unlawful infringement upon his rights. The court there also held that the telegraph company had no authority to appropriate the highway to such use without the consent of the abutting property owner or acquiring the right so to do by condemnation proceedings. And in Carpenter v. The Capital Electric Company, 178 Ill. 29, it was held that an easement of travel over an alley, the fee of which remained in the abutting owners, did not include the right to have elec-

tric wires and poles erected without the consent of the owner of the fee, and that such use of the alley was an added servitude, which the owner is not required to bear without compensation.

The use of the alley here contemplated is permanent. The owner of the fee is entitled to restrain the permanent use thereof for any purpose not contemplated by the original dedication, or for any purpose which imposes an additional burden to the easement created by the dedication. Bond v. The Pennsylvania Company, 171 Ill. 508; Carpenter v. The Capital Electric Company, 178 Ill. 29; Davenport Bridge Railway Company v. Johnson, 188 Ill. 472.

The order of the Circuit Court, granting the injunction, is affirmed.