E. B. McGuire, Appellee, vs. The Boyd Coal and Coke Company et al. Appellants.

*Opinion filed October 26, 1908.*

1. Injunction—*objection of adequate remedy at law cannot be first raised on appeal.* An objection that the complainant in a bill for injunction has an adequate remedy at law cannot be first insisted upon on appeal or error but must be raised in the trial court by way of demurrer or answer.

2. Same—*a bill lies to enjoin wrongful removal of coal.* An exception to the rule that a court of equity will not enjoin a trespass exists with respect to continuing and repeated trespasses of a grave character, such as the wrongful removal of coal from the ground, which cause irremediable injury and the destruction of complainant's property.

3. Same—*what is sufficient proof of complainant's ownership of coal.* The complainant's ownership of the seams of coal which the defendant is alleged to be wrongfully removing is sufficiently proved, even though there is an inaccuracy of description in his deed to the coal underlying the land, where two recorded deeds are proved purporting to convey, by accurate description, the entire fee to complainant's grantors, who are shown to have been in possession under such deeds.

4. Same—*mining company may be enjoined from using entries made in mining another's coal.* Where a mining company has wrongfully mined coal beyond the limits of the mine, it is proper, upon enjoining the further removal of coal and assessing the complainant's damages for the coal removed, to restrain the company from entering and using the entries in complainant's coal for any purpose.

5. Damages—*measure of damages where coal is mined beyond the limits of mine.* The measure of damages for coal wrongfully mined beyond the limits of the mine is the value of the coal at the mouth of the pit, less the cost of loading and hauling the coal from the place where it was mined to the foot of the shaft and for hoisting and dumping it into the car at the top; but the general expense of operating the mine does not enter into the question.

Appeal from the Circuit Court of Randolph county; the Hon. Charles T. Moore, Judge, presiding.

William M. Schuwerk, and James H. Martin, for appellants.

R. J. Goddard, and H. Clay Horner, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

Appellee, E. B. McGuire, filed his bill in the circuit court of Randolph county against the appellants, the Boyd Coal and Coke Company and W. R. Borders, in which he sought a perpetual injunction restraining them from mining coal from the seams underlying certain land and for an accounting for coal already taken. A preliminary injunction was granted, which, after a hearing in open court, was made perpetual, and appellants were decreed to pay to appellee $10,634.65, being for 28,000 tons of coal at thirty-seven and one-half cents per ton, in addition to $134.65, the cost of a survey of the mine. The pleadings put in issue complainant's title to the coal. A freehold being thus involved, an appeal to reverse the decree has been prosecuted directly to this court.

The evidence shows that the complainant owned the seams of coal in question but not the surface of the land, and that the defendant Borders owned the coal underlying the adjoining land, which he had leased to his co-defendant, the Boyd Coal and Coke Company, of whose capital stock of $112,000 he owned all but four shares. The company, under his express direction, knowingly and intentionally went over the line and mined complainant's coal for some time before this bill was filed and until the injunction writ was served upon them.

It is first insisted that complainant's remedy at law was complete and adequate, and that therefore a bill in equity will not lie to enjoin a trespass. This is the rule as to a single act of simple trespass to property, but where there are continuing and repeated trespasses of a grave character, causing irremediable injury and the absolute destruction of the complainant's property, equity will interfere by injunction. (*Village of Itasca* v. *Schroeder,* 182 Ill. 192; *City of Joliet* v. *Werner,* 166 id. 34; *Edwards* v. *Haeger,*

180 id. 99; *City of Peoria* v. *Johnston,* 56 id. 45.)   Where irremediable mischief has been done or threatened, going to the destruction of the substance of the estate, such as the extracting of ores from a mine, the cutting down of timber, the removal of coal or the extraction of oil or gas, an injunction will be granted.   (*Erhardt* v. *Boaro,* 113 U. S. 537; *Bettman* v. *Harness,* 42 W. Va. 433.)   The objection that appellee had an adequate remedy at law was not presented to the circuit court by demurrer or answer to the bill but is presented here for the first time.   It comes too late.   The existence of a remedy at law cannot be set up, on appeal, to defeat an injunction when it was not presented by way of demurrer or answer to the bill.   *Monson* v. *Bragdon,* 159 Ill. 61; *Village of Vermont* v. *Miller,* 161 id. 210; *Kaufman* v. *Wiemer,* 169 id. 596.

It is next insisted that the evidence fails to show that appellee was the owner of the coal, because the description in the deed of conveyance to him is defective.   The description in the deed is inaccurate, but by reference to two other recorded deeds, which were offered in evidence, it is made entirely certain.   His grantors are shown to have been in possession under a deed purporting to convey the entire fee to them, and their deed to the appellee of the underlying coal was therefore *prima facie* evidence of title in him.

Appellants contend that the court adopted a wrong theory as to the measure of damages.   Both parties agree that the measure of recovery which should be allowed is the value of the coal at the mouth of the pit, less the cost of conveying it there from the place where mined.   (*Illinois and St. Louis Railroad Co.* v. *Ogle,* 92 Ill. 353; *McLean County Coal Co.* v. *Long,* 81 id. 359.)   Appellants insist, however, that all work connected with the production of the coal, except the actual cost of separating it from its natural position in the ledge by the miner, and the first cost of construction of the mine, of the sinking the shaft and

of permanent structures, should be charged to transportation. We do not assent to this. The only deduction from the value of the coal at the mouth of the pit to which appellants are entitled is the amount paid for loading and hauling it to the foot of the shaft, hoisting and dumping it into the car at the top. As between the wrongdoer and the owner of the coal, the general expenses of operation of the mine do not enter into the question. As between them, such expenses must be charged to mining, and not transportation. The cost of loading at the face of the mine was twenty-seven and one-half cents per ton. The weight of the evidence shows the cost of transportation to the foot of the shaft, hoisting and dumping, to have been from twenty to twenty-five cents a ton. The coal was worth eighty-five cents to ninety cents a ton at the mouth of the mine. The court found the value, less the cost of transportation from the face of the mine, to be thirty-seven and one-half cents a ton, and this finding is in accordance with the evidence. The engineer who made the survey testified that 27,647 tons of complainant's coal had been taken out. Deducting the impurities claimed to exist in the coal and adding the coal mined after the survey was made and before the service of the writ of injunction, the court found that appellants had taken 28,000 tons of coal, and such finding was justified by the evidence.

The injunction restrained appellants from entering into or using the entries driven through appellee's coal for any purpose, and it is insisted that it should not have been made perpetual. The seams of coal belonged to appellee. The appellants had no right there. They had wrongfully driven the entries, absolutely without right. It was proper, while enjoining the taking of appellee's coal, to enjoin appellants from going into or using the entries.

The decree was right and it will be affirmed.

*Decree affirmed.*