(98 South. 779)

## GALLOWAY COAL CO. v. BESSEMER COAL, IRON & LAND CO.
### (6 Div. 27.)

(Supreme Court of Alabama. Jan. 17, 1924.)

**1. Mines and minerals ⊚⇒51(5)—Measure of damages for coal mined on lands of another stated.**

In trover for mining and conversion of coal on lands of another where neither trespass nor conversion was willful or intentional, the measure of damages is the value of coal as it lay in the mine after severance, with no deductions for defendant's labor in severance, which practically means its value on the cars, less cost of moving and loading.

**2. Evidence ⊚⇒568(4)—Opinion evidence not conclusive on court as to question of value of coal severed from mine.**

In trover for mining and converting coal on plaintiff's land, opinion evidence as to the value of coal on the floor of the mine *held* not conclusive on the court in its finding as to value.

**3. Mines and minerals ⊚⇒51(3)—Finding of value of coal inadvertently mined from plaintiff's land held justified under evidence.**

In trover for inadvertently mining and converting coal on plaintiff's land, where undisputed evidence showed that price of coal at the mine f. o. b. the cars was more than $3 per ton, and the cost of moving from the floor of the mine to the cars not over 25 cents a ton, the finding that value was $2 per ton was justified.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by the Bessemer Coal, Iron & Land Company against the Galloway Coal Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is in trover for the conversion by defendant of 2,000 tons of coal. The evidence showed without dispute that the defendant company inadvertently extended its mining operations upon the plaintiff company's lands, and excavated, and removed, and converted 847 tons of coal therefrom.

The trial court, sitting without a jury rendered judgment for plaintiff for the value of 847 tons, on the basis of $2 per ton, to which was added interest for about five years, the amount of the judgment being $2,371.60.

The appeal is from this judgment, and the only controversy is upon the correctness of the court's finding that the value of the coal was $2 per ton.

Tillman, Bradley & Baldwin, of Birmingham, for appellant.

Neither the court nor jury is bound by opinion evidence. Lowe v. Reed, 207 Ala. 278, 92 South. 467; A. & B. Ry. v. Howard Supp. Co., 125 Ga. 478, 54 S. E. 530; B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 South. 361. In case of unintentional conversion, the measure of damages is the value of the coal knocked down on the floor of the mine. Ivy Coal Co. v. Ala. C. & C. Co., 135 Ala. 579, 35 South. 547, 93 Am. St. Rep. 46; White v. Yawkey, 108 Ala. 270, 19 South. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159; Warrior C. & C. Co. v. Mabel Min. Co., 112 Ala. 624, 20 South. 918.

Percy, Benners & Burr, of Birmingham, for appellee.

The measure of damages in this case is the value of the coal as it lay in the mine after severance from the realty. Ivy Coal Co. v. Ala. C. & C. Co., 135 Ala. 579, 35 South. 547, 93 Am. St. Rep. 46; Birmingham Min. R. R. v. T. C., I. & R. R. Co., 127 Ala. 147, 28 South. 679; White v. Yawkey, 108 Ala. 270, 19 South. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159; Warrior Coal Co. v. Mabel Min. Co., 112 Ala. 624, 20 South. 918; Riggin v. Hogg, 203 Ala. 243, 82 South. 341; Foust v. Kinney, 202 Ala. 392, 80 South. 474.

SOMERVILLE, J. [1] "In an action of trover for the mining and conversion of coal on and out of the land of another, where it is shown that neither the trespass nor the conversion was willful or intentional, the measure of damages is the value of the coal as it lay in the mine when and after it had been severed from the realty, with no deduction for the value of defendant's labor in effecting the severance, and not the value of the coal in and as a part of the realty." Ivy Coal & Coke Co. v. Ala. Coal & Coke Co., 135 Ala. 579, 33 South. 547, 93 Am. St. Rep. 46.

For all practical purposes, it is clear that the value of coal lying on the floor of the mine after severance is its value on board the cars, after being raised and carried and dumped therein, for transportation to the market or to a consumer, less the cost of so raising, transporting, and dumping. McGuire v. Boyd Coal & Coke Co., 236 Ill. 69, 86 N. E. 174; Omaha & Grant, etc., Co. v. Tabor, 13 Colo. 41, 21 Pac. 925, 5 L. R. A. 236, 16 Am. St. Rep. 185; Blaen Avon Coal Co. v. McCulloch, 59 Md. 403, 43 Am. Rep. 560; Bender v. Brooks, 103 Tex. 329, 127 S. W. 168, Ann. Cas. 1913A, note, 559, note, 562.

[2, 3] In the instant case the evidence as to the value of the coal on the floor of the mine consisted of the testimony of H. L. Badham, for the plaintiff, that it was worth "about $2 a ton," and the testimony of three

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

witnesses for defendant that it was worth from 45 to 60 cents a ton.

All of this was opinion evidence, of course, and not conclusive upon the court in its finding as to value. If this direct testimony as to value were the only basis for the court's decision, we might perhaps feel justified in holding that the finding complained of was contrary to the great weight of the evidence, and that the judgment was therefore erroneous, and subject to reversal. But the undisputed evidence showed that the price of coal at this mine at that time, f. o. b. the cars, was more than $3 per ton, and that the cost of removal from the floor of the mine to the cars was not in excess of 20 cents per ton. Under this phase of the evidence, we think that the trial court was justified in disregarding the opinions of defendant's witnesses, and finding a value of $2 per ton; at least, we are not so convinced of the error of the finding as to justify us in setting it aside.

The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.