## Illinois Central Railroad Company, Appellant, v. Queen City Building Corporation and City National Bank, Appellees.

1. INJUNCTIONS—*when trespass not restrained.* Injunction will not lie to restrain a single trespass but will lie to restrain threatened repetitions where the injury following trespasses would be irreparable in damages.

2. EQUITY—*what admitted by demurrer.* Demurrer to a bill admits all material allegations.

3. INJUNCTIONS—*when continuous trespass enjoined.* A bill by railroad to restrain trespass upon a passageway owned by it, held sufficiently to allege a continuous trespass and threatened injury, not reparable in damages, so as to be good as against demurrer, though ejectment might lie.

Ill. Cent. R. Co. v. Queen City Bldg. Corp. et al., 237 Ill. App. 129.

Appeal by plaintiff from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed February 9, 1925. Rehearing denied March 24, 1925.

NOLEMAN, SMITH & DALLSTREAM, for appellant.

CHARLES F. DEW, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Marion county, sustaining a demurrer to the amended bill of appellant and dismissing the same for want of equity. The bill was originally filed against the Queen City Building Corporation, City National Bank, appellees here, and the Illinois Bell Telephone Company, but was dismissed as to the Telephone Company. The amended bill alleged that appellant was the owner of certain parcels of ground therein described, in the City of Centralia, used by appellant as a passageway or driveway from Locust street to its passenger station and grounds; that it was the owner in fee of these two parcels of land comprising this driveway and also the owner in fee of all the land between these parcels of ground and its station and station grounds; that the passageway has been improved by appellant and is used by it in serving the public as a common carrier.

The bill further alleged that the Queen City Building Corporation and the City National Bank owned a tract of ground adjoining this passageway on the north and abutting upon appellant's property for a distance of 138 feet west from Locust street; that in discharge of its duty to the public as a common carrier it was both convenient and necessary that appellant keep said parcels of ground open and accessible as private ways for the use of the public and all persons having business with appellant in and about its freight and passenger depot grounds and station,

Ill. Cent. R. Co. v. Queen City Bldg. Corp. et al., 237 Ill. App. 129.

and that said parcels of ground were open and used for that purpose for more than two years prior to the filing of the bill; that so long as appellant permitted said parcels of ground to be used for that purpose it, and all persons having business with it, had the right to have the same kept open for use as a private way, free from obstructions, and to prevent any part thereof from being obstructed and encroached upon or appropriated to the private use of appellees or to any other use inconsistent with the use thereof permitted by appellant and now vested in the members of the public having business with appellant. The bill further alleged that on or about the first day of January, 1922, the Queen City Building Corporation and City National Bank, appellees, without any right or authority and over the protest and objections of appellant, wrongfully and unlawfully entered upon a portion of said strips and constructed thereon certain coal holes, coal chutes, entrance ways, concrete sidewalks and other structures and upon other portions of said private ways constructed thereon and below the surface thereof large excavations, manholes, trenches, ditches, conduits, pipings, telephone cables and other structures; and so constructed a building on the adjoining premises owned by appellees that the footings thereof beneath the surface of the ground and the copings, eaves and other projections thereof above extended onto said parcels of ground belonging to appellant a distance of 18 inches. The bill further alleged that neither of said appellees had any interest of any kind in said private ways except the permissive use of the same with other members of the public for the purpose of reaching the depots, stations and grounds of appellant, and that such encroachments and uses by appellees were in violation of the right of appellant. The bill further alleged that said encroachments and trespasses by appellees were continuing and constituted a permanent and continuous obstruction and interruption and a con-

tinuing nuisance in violation of the rights of appellant; that appellant had no adequate remedy at law, and that the continued obstruction, use and occupancy of said parcels of ground by appellees would result in great and irreparable damages which would be continuous and oft recurring and could not be adequately compensated for in an action at law; and that appellant has no remedy save in a court of equity. The bill prayed that appellees be decreed to remove said obstructions and restore said premises to their former condition and be perpetually restrained from entering upon, using, occupying or appropriating any portion of said entrance ways by the construction or maintenance of coal chutes, sidewalks, conduits, trenches, excavations, cables or any other obstruction and from maintaining thereon the said footings and copings of said building.

To this bill appellees filed a general and special demurrer which was sustained by the court. Appellant elected to stand by its amended bill and refused to plead over upon which the court entered a decree dismissing said bill. From that decree said Railroad Company has perfected this appeal. The causes of special demurrer were as follows:

First: It appears from the said amended bill of complaint that the complainant has a complete and adequate remedy at law and that the relief sought can be obtained against all of the defendants at one proceeding at law, and that equity is without jurisdiction.

Second: That the rights and interests of the Queen City Building Corporation, the City National Bank and the Illinois Bell Telephone Company are not sufficiently set forth in said bill of complaint and the relation of one to the other is not clearly defined.

Third: It does not appear from any allegations of fact in the said amended bill of complaint contained that the complainant has or will suffer any irreparable injury.

Fourth: It does not appear in the said amended

bill of complaint and the allegations therein contained that there will be any multiplicity of suits or that there are any facts set forth showing that the complainant has or will be involved in any multiplicity of suits, or that there is any other reason why equity should have jurisdiction of the subject matter of this suit.

Fifth: That the allegations in said amended bill of complaint are obscure, uncertain, insufficient and are bad for want of clearness.

Appellant contends that it is entitled to maintain this action in equity under a long line of authorities in this State which are to the effect that the remedy to prevent the unlawful obstruction of a private or public way is in equity. Appellees, on the other hand, contend that this action cannot be maintained under the line of authorities for the reason that the cases under which such doctrine was laid down by our Supreme Court were cases in which the party invoking the remedy in equity were seeking to protect only an easement, and that such rule has never been followed in a case where the complaining party was the owner of the fee. In other words, it is appellees' contention that appellant, being the owner of the fee underlying the passageway, had a complete remedy in an action by ejectment; that the public had no easement or vested right in this passageway; and that appellant was at liberty at any time to subject it to other uses. The case of *Carpenter v. Capital Electric Co.,* 178 Ill. 29, which appears to us to state the rule applicable to this case, was an action for an injunction by an abutting property owner who also held a deed in fee to a strip of ground to be used as an alley. It appears that the property owners of the other side of this strip of ground had no interest in the fee, but had a right of passage over the same. The electric company, for the convenience of the property owners who had the right of passage but no interest in the fee, constructed an electric wire line over this passageway. The property owner who

had the fee in the passageway brought a suit praying that the electric company be decreed to remove the electric line constructed over this private alley. One of the defenses asserted in that case was that equity did not have jurisdiction for the reason that the property owner had an adequate remedy at law. It was held by the Supreme Court that equity had jurisdiction of a bill by the owner of the fee of the private alley to compel the removal of the electric light poles and wires erected in the alley without his consent, it being also said: "Where a party has a right of way over or on easement in certain real estate and the same is obstructed, equity has jurisdiction, as the injured party has no adequate remedy at law. * * * Moreover the injury complained of is one of a continuing or permanent nature, for which an action at law would not afford a complete and adequate remedy."

The bill in this case states that the acts complained of are continuing and constitute a permanent and continuous obstruction and interruption in violation of appellant's rights, causing damages, for which the law does not afford a complete and adequate remedy. While it is true that an injunction will not be granted to restrain a single act of trespass, yet where a trespass has been committed and repetitions thereof are threatened and the injury which follows such trespass is irreparable in damages, equity will interfere by injunction. (*Edwards v. Haeger,* 180 Ill. 99; *McGuire v. Boyd Coal & Coke Co.,* 236 Ill. 69.) The material allegations of the bill are admitted by the demurrer and therefore appellant must be regarded as the owner in fee simple of the premises involved. Regardless of whether appellant could maintain an action of ejectment at law, because already in possession of the surface of the premises, we are of the opinion that the bill sufficiently alleges that the trespass complained of is a continuing one and of such nature that the damages resulting therefrom could

not be adequately compensated for by a judgment at law.

The demurrer was therefore improperly sustained and the decree is accordingly reversed and the cause remanded.

*Reversed and remanded.*