## WILLIAM A. TANNER

*v.*

## DANIEL VOLENTINE.

1. FLOWING WATER *upon the land of another.* It is well settled that if the owner of a building causes the water to flow from the roof upon the lot or ground of another, such other may recover of him for the damages sustained, unless prevented by some agreement.

2. The owner of land, unless restrained by covenant or custom, has the complete control of the soil, together with the space above and below the surface, so far as he may choose to use it, yet he has no right to injure the property of the adjoining owner. He has no right to flood the property of his neighbor with water from his buildings, and thus destroy its usefulness.

3. STATUTE OF FRAUDS — *license to flood lands.* The right to flood the land of another, whether from the dripping from the roof of a building or otherwise, is an interest in the land, and a parol license or agreement giving such right is within the statute of frauds, and void. Such a license is revocable at any time.

APPEAL from the Common Pleas Court of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Messrs. BROWN & SOUTHWORTH, for the appellant.

Mr. B. F. PARKS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass on the case, brought by appellee against appellant, to recover damages sustained on a certain lot and building, caused by water appellant permitted to flow from the roof of his building upon the property.

The parties by agreement waived a jury, and submitted the issues for trial to the court, which resulted in a judgment in favor of appellee for $350.

The defense interposed in bar of the action in the court below, and also here, is a parol license.

The facts are in the main undisputed, and are, as shown from the record, briefly these: In 1860, one Hall commenced the erection of a business house on a certain lot in Aurora; appellant owned a lot adjoining on the north; the north wall of the building was placed on the line between the two lots. After Hall had in part erected the partition wall, appellant concluded to build on his lot; it was agreed that appellant should complete the partition wall, and as Hall's building only extended back eighty feet, and appellant desired to extend his building the entire depth of the lot to the alley, it was agreed that appellant should extend the partition wall on the line to the alley, and if at any time Hall should desire to extend his building, or build on to the wall, he should pay for one-half of the same. It was also agreed that the water from the roof of appellant's building might drip on that part of Hall's lot that was vacant, in the rear of his building. Hall also commenced the erection of a building on the rear end of his lot next to the alley, leaving a vacant space of ground of about sixty feet between the main building

79—75TH ILL.

and the other one; about the time Hall completed the main building, he sold out to appellee.

The roof of appellant's building is constructed in such a manner that the water from it would all fall upon the vacant ground between appellee's main building and the small building erected on the alley.

It is clear, from the evidence, that the property of appellee was seriously damaged by the flow of water upon it, and it is well settled by the authorities that he is entitled to recover for the damages sustained, unless concluded by the agreement entered into between Hall, his grantor, and appellant. *Stout* v. *McAdams*, 2 Scam. 67; *Nevins* v. *The City of Peoria*, 41 Ill. 502; *City of Aurora* v. *Reed*, 57 ib. 30.

It is a principle well understood, that the owner of land, unless restrained by covenant or custom, has the complete control of the soil, together with the space above and below, so far as he may choose to use it; but while he may have a perfect right to use his own as he may choose, yet he has no right to injure the property of the adjoining owner; he may occupy the whole of his lot with buildings, to suit his taste and convenience, but he has no right to flood the property of his neighbor with water from his buildings, and thus destroy its usefulness; while the law will protect him in the free use and enjoyment of his own, as will best suit his desires, it will not permit him to damage or destroy that of the adjoining neighbor.

It is not pretended that appellee had any notice, at the time of his purchase, of the existence of this parol agreement between Hall and appellant, other than the manner in which the buildings upon the property were erected would give; but even if he had, it could not materially affect the question. The decision of the point involved must rest alone upon the effect of the parol agreement.

It is said by the attorneys of appellant, that the parol agreement constitutes a license which was based on a valuable consideration, and has been fully executed and is valid, and in

support of this position we are referred to *Russell* v. *Hubbard*, 59 Ill. 335, as an authority sustaining their position. Upon an examination of that case it will be found the question there decided is entirely different from the point raised by the record before us. There, Harman, who owned a brick building, made an agreement with Furry, who owned an adjoining lot, if he would not build a frame building on his lot, which he was about to do, but would erect a brick building, he should have the free use of his north wall, which should stand and be used as a division wall between the two buildings; in consideration of this agreement Furry did erect a brick building. It was there held, Furry having expended money on the faith of the agreement, and having erected a different building than he otherwise would, had acquired rights which should be protected ; that while the license to use and enjoy the wall might be revoked prior to its execution, after execution a different question arises.

If appellee was attempting to prevent appellant from the use of the wall, which was erected under an agreement to stand as a partition wall between the two buildings, and to revoke the contract under which the division wall was built, then the case cited might be relied upon as an authority.

The question raised by this record is, not as to the rights of either party in regard to the division wall, but appellant claims the right, under a parol license, to flood the lot of appellee with the water that falls from his building.

This right of drip, as it may properly be termed, claimed by appellant, is not limited as to time. If good and valid for ten years, it may exist for one hundred years, and, for aught that we can see, for all time to come. According to appellant's theory, then, he has acquired an interest in the land of appellee by a parol license, which he and his grantees can hold perpetually.

The right claimed by appellant cannot, with reason, be said to be less than an interest in the land. The use to which he appropriates it renders it valueless to appellee. True, appellee

has the naked legal title, but for all practical purposes, the title to a part of the premises might as well be in appellant, for what advantage can it be for appellee to hold the title, when he is deprived of the enjoyment of the property, and appellant can flood it with water ?

If, then, the parol agreement upon which appellant relies was a mere license, it was revocable, and cannot be relied upon as a defense to the action, after it was revoked. If, on the other hand, its effect would be to create an interest in the property of appellee, it would be void under the statute of frauds, which in substance declares that every contract for the sale of lands, tenements or hereditaments, or any interest in or concerning the same, for a longer term than one year, shall be in writing.

There is not a single element in this case that would take it out of the operation of the statute of frauds. No consideration was paid for the pretended right ; no possession taken of the land, other than turning water from the roof of appellant's building upon it. There does not seem to be a fact or circumstance contained in the record that would commend appellant's case to the favorable consideration even of a court of equity.

There is no similarity whatever between this case and one where a party purchases land by a parol contract, enters into possession, pays the purchase money, and makes lasting and valuable improvements.

All that can be claimed for the contract proven in this case is, it is a bare, naked parol agreement, and as such it cannot be used to protect appellee from the damages proven.

The principle involved in this case was, however, settled in the case of *Woodward* v. *Seely*, 11 Ill. 157. In the opinion, the court sanction what is said in Gale & Whateley's Law of Easements, 29, as follows : " That a man may, in some cases, by parol license, relinquish a right which he has acquired in addition to the ordinary rights of property, and thus restore his own and his neighbor's property to their original and natural condition ; but he cannot by such means impose any burden

upon land in derogation of such ordinary rights of property. As, for instance, a parol license will be valid for building a wall in front of his ancient windows, while a similar permission to turn a spout on his land from a neighboring house will be invalid and revocable." After quoting this authority, the court say: Tested by the law as here stated, the license in this case was clearly invalid, as it did impose a burden upon the land of the defendants, in derogation of what ordinarily belonged to it, and there can be no difference in principle, whether water is turned upon the land of another by means of a spout or a mill-dam.

The judgment was fully sustained by the evidence, and, no error appearing in the record, it will be affirmed.

*Judgment affirmed.*