Johnson et al. v. Rea.

## CHARLES JOHNSON ET AL
### v.
## JOHN REA.

1. DRAINAGE—POWER OF COMMISSIONERS OF HIGHWAYS.—Commissioners of highways can not bind the public to furnish drainage for a private individual's lands, except for such overflow as they cause by their own acts. All that appellee, in this case, could demand of the commissioners was that they should not cause his land to be overflowed to a greater extent than it had been in a state of nature.

2. LICENSE OF COMMISSIONERS TO PRIVATE INDIVIDUALS FOR USE OF PUBLIC HIGHWAY NOT BINDING UPON PUBLIC.—A mere license or permission of one or more of the commissioners of highways given to a private individual to dig a ditch along the highway, upon which he acts and expends his money, can not operate as a grant of a perpetual right for such individual to drain his land through this ditch. A board of commissioners can not grant away the use of the right of way of the public highway to a private person, and the right to perpetually flood the land of another can only be acquired by grant or prescription.

APPEAL from the Circuit Court of Hancock county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed February 7, 1883.

Mr. W. E. MASON and Messrs. SCOFIELD & SCOFIELD, for appellants; that justices of the peace do not have jurisdiction of actions on the case, cited I. C. R. R. Co. v. Reedy, 17 Ill. 580; Stuckey v. Churchman, 2 Bradwell, 584; R. S. 1874, Ch. 79, § 13; Winkler v. Meister, 40 Ill. 349; Peak v. The People, 71 Ill. 278.

Unless appellants are liable to appellee jointly, this case must be reversed as the judgment is joint: Yeazel v. Alexander, 58 Ill. 254.

A parol license to overflow the land of another is an interest in the land and is revocable at the will of the party granting it: Woodward v. Seely, 11 Ill. 157; Tanner v. Volentine, 75 Ill. 624; Kuhlman v. Hecht, 77 Ill. 570; Forbes v. Balenseifer, 74 Ill. 183; Washburn on Easements, 23.

Commissioners of highways can not grant by deed to a private person an easement in the public highway: P. F. W. & C. R. R. Co. v. Reich, 101 Ill. 157; Constitution of 1870, Art. 2, § 13.

A party can not by means of a ditch on his own land, throw upon his neighbor's land an increased quantity of water to the latter's injury: Livingston v. McDonald, 21 Ia. 160; Martin v. Riddle, 26 Penn. 415; Miller v. Laubach, 47 Penn. 154; Gillham v. Madison Co. R. R. Co. 49 Ill. 484; Hicks v. Silliman, 93 Ill. 255; Gormley v. Sanford, 52 Ill. 158; T. W. & W. R'y Co. v. Morrison, 71 Ill. 616; Kuhner v. Griesbaum, 59 Ill. 48.

Messrs. Sharp & Berry Bros. and Messrs. Manier & Miller, for appellee; that the commissioners being liable as well as appellant Johnson, appellee can bring his action against one or more of them, cited Whitney v. Turner, 1 Scam. 253; Gilson v. Wood, 20 Ill. 37; Burton v. McClellan, 2 Scam. 434; Johnson v. Barber, 5 Gilm. 425; Callaghan v. Myers, 89 Ill. 566.

Parol licenses are not always revocable at will: Wilson v. Garrard, 59 Ill. 51; Russell v. Hubbard, 59 Ill. 335; Angell on Water-courses, 7th ed., §§ 108, 309, 310, 311, 485.

Appellants by appearing and going to the trial under the stipulation rendered the jurisdiction of the court complete, if there was a question of the jurisdiction of the court over the subject-matter: Randolph Co. v. Ralls, 18 Ill. 29; Allen v. Belcher, 3 Gilm. 594.

Justices of the peace have jurisdiction in actions for damages for injury to real estate: Taylor v. Koshetz, 88 Ill. 481; Pilgrim v. Mellor, 1 Bradwell, 448.

Counts in trespass and case may be joined in the same declaration: Krug v. Ward, 77 Ill. 605; Barker v. Koozier, 80 Ill. 205.

The act of the commissioners can not be regarded as an act in their corporate capacity: Cooney v. Hartland, 95 Ill. 519; Tearney v. Smith, 86 Ill. 391.

Appellee had the right to sue any of those, who committed the tort, and the non-joinder of the others can not be pleaded in abatement: Low v. Mumford, 14 Johns. 426; Yeazel v. Alexander, 58 Ill. 261; 1 Chitty on Pl. § 87; Jacksonville v. Neely, 19 Ill. 272; Johnson v. Richardson, 17 Ill. 302; 1 Addison on Torts, 85.

All who direct, approve, etc., in the commission of a wrongful act are regarded as principals though not benefited by the act: Develing v. Feldon, 83 Ill. 390; Ferriman v. Fields, 3 Bradwell, 252; Ously v. Hardin, 23 Ill. 403; Wallard v. Worthman, 84 Ill. 446.

The commissioners should have provided as good an outlet for the water as the one closed: C. R. & P. R. Co. v. Carey, 90

Ill. 315; Perley v. Chandler, 6 Mass. 457; J. & N. N. & S. E. R. R. Co. v. Cox, 91 Ill. 503.

McCULLOCH, J. This case was tried in the court below upon an agreed state of facts, a jury having been dispensed with. Appellee is the owner of a tract of land, north of, and adjoining the land of appellant, Johnson. Along the easterly side of these lands is a road four rods wide which separates them from the lands of one Thornber. Where the lands of Rea and Johnson corner with each other on the west side of the road, there was originally a pond in the land of appellee, which also extended a short distance into Johnson's land, and also into the road. Into this pond the low lands of appellee were drained, and when it overflowed the surplus waters flowed out on the east side of the road into the lands of Thornber. This was their natural outlet. The respective proprietors owned their lands to the middle of the road; subject only to the public easement.

It further appears, that the road along Rea's and Johnson's land, and opposite the pond, has been raised above the natural level of the land about twelve or fifteen inches, and that where the road was so raised from its natural level, there is a culvert across it about three and one half feet wide (but the depth is not stated) for the purpose of carrying off the water, and that this culvert existed before the ditch in question was closed.

It further appears that there was a ditch on the west side of the road, from the north side of said pond to a point about twenty rods north of Johnson's south line, where it met a natural water-course; that this was an artificial ditch, three and one half or four feet deep at its deepest place, which depth was necessary to drain the water from said pond and Rea's land; that its construction was begun by Rea about two years before Johnson bought his land, by permission of one or more of the commissioners of highways of the town, and that it was not completed until 1876, about four years after Johnson's said purchase; that it was suffered to exist without opposition or complaint until about October 15, 1881, when the commissioners of highways of the town held a meeting to view

the same, and after viewing it ordered it to be closed, and gave appellant Johnson permission to close the same, which he did, and in consequence of closing it, the land of Rea, by reason of backwater, was overflowed. During the existence of this ditch, the water from Rea's land and also from that part of Johnson's land, covered by the pond, and also from the pond in the road, passed through the ditch and thence into a natural drain or water-course different from its natural course over Thornber's land.

The stipulation fails to show whether or not the road was filled up before or after the making of the ditch, or at what period the culvert under the road was made, or whether the same is or is not sufficient to carry off the surplus water, so as to afford Rea as good an outlet for the same, over the land of Thornber, as he had before the road was filled up. Nor does it show directly whether or not his lands were overflowed more, after the filling up of the ditch, than they were before either it was dug or the road was filled up.

Conceding that Rea had a right, when the road was filled up to have an outlet for the surplus water, caused by rains or melting snow, to flow as freely as it had done in a state of nature, yet it does not appear from the stipulation that this was not so provided. Certainly he was entitled to no more than that. The commissioners of highways have the control over the right of way of a public highway only for the use of the public, and can not devote it to private use. If, in constructing the culvert under the road, they had dug it so deep as to drain the pond on Rea's land over that of Thornber, to his damage, by increasing the natural flow of water, the latter could have maintained an action therefor or obtained an injunction to prevent it. Hicks v. Silliman, 93 Ill. 255. All that Rea could demand of the commissioners, therefore, was that they should not cause his land to be overflowed to a greater extent than it had been in a state of nature. It follows, therefore, that before he can sustain an action for the filling up of the ditch, that result must in some way have been brought about. But it is very evident that the mere filling up of the ditch to the height of the original surface of the

ground, could not have had the effect of creating a larger pond than was there before the ditch was made, unless some other cause, such as the filling up of the road had intervened, to prevent the escape of the water through its natural outlet. It does not appear that the culvert was insufficient to carry off this water in case of the filling up of the ditch.

Then we come to inquire what right Rea had to the maintenance of the ditch in question. It certainly can not be contended that a mere license or permission of one or more of the commissioners of highways, given to Rea, to dig the ditch, and upon which he acted and expended his money, can operate as a grant of a perpetual right to drain his land through this ditch, for, even if the full board of commissioners had acted upon the matter they could not grant away the use of the right of way of the public highway to a private person: P. Ft. W. & C. R. R. Co. v. Rich, 101 Ill. 157; and the right to perpetually flood the land of another can only be acquired by grant or prescription. Woodward v. Seely, 11 Ill. 157; Tenner v. Volentine, 75 Ill. 624.

How extensive this pond was, does not appear. It could not have been more than four feet deep, for a ditch of that depth drained it to the bottom. If it was not so deep as that originally, its depth was not increased over that by the raising of the road, nor could its depth in any event have been increased more than fifteen inches without overflowing the road when so raised. If Rea has sustained any damage, by reason of this increased depth of water, his action might possibly lie for that, but for restoring the original surface where the ditch had been, if the same did not increase the overflow more than it had been in a state of nature, he can not maintain his action, for the commissioners can not bind the public to furnish drainage for his lands except for such overflow as they cause by their own acts.

We are, therefore, of the opinion that inasmuch as appellee has failed to show that his land is overflowed, by reason of the filling up of the ditch, to any greater extent than it would have been, had it remained in a state of nature, he has

failed to show any right of action. The judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.