CHARLES DAVIS et al., Respondents, *v.* THE NIAGARA FALLS TOWER COMPANY, Appellant.

NUISANCE — FALL OF ICE FROM FRAMEWORK OF TOWER. Where ice, produced from the precipitation of spray and mist from a large cataract in the vicinity, accumulates during cold weather in winter upon the open framework of a high tower erected on a building, and whenever a thaw occurs large quantities thereof fall upon the roof of an adjacent building with velocity sufficient to endanger human life and injure the building and its contents, the construction and maintenance of such tower, although it is several feet within the limits of the lot upon which it is situated and is a safe, substantial and suitable structure for the purpose for which it was erected, constitutes a private nuisance, and the owners of the adjacent building are entitled to a perpetual injunction restraining the owners of the tower from so maintaining it that ice can form thereon and fall upon the adjacent building and premises, since the owner of improved real property is bound to take all precautions necessary against casting the water which falls upon his own premises upon those of his neighbor, and it is immaterial upon the question of his liability that the water is allowed to freeze and fall in the form of ice or whether the ice is produced from the fall of rain or from the spray and mist of a cataract.

*Davis* v. *Niagara Falls Tower Co.*, 57 App. Div. 620, affirmed.

(Argued May 7, 1902; decided May 29, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 17, 1900, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.          .

*J. H. Metcalf* for appellant. The facts established in this case do not show that the defendant created or maintains a nuisance. (*Booth* v. *R., W. & O. R. R. Co.*, 140 N. Y. 267.) There being no controversy over the facts in this case, the question presented becomes one of law, and this court is to say whether the defendant is liable for the action of the elements, caused, not by the negligence of the defendant, but by the peculiar climatic conditions there existing. (*Booth* v. *R., W.*

*& O. R. R. Co.*, 140 N. Y. 267; *Negus* v. *Becker*, 143 N. Y. 303; *Benner* v. *A. D. Co.*, 134 N. Y. 156; *Vanderwiele* v. *Taylor*, 65 N. Y. 341; *Losee* v. *Buchanan*, 51 N. Y. 487; *Moore* v. *Gadsden*, 87 N. Y. 84.)

*Morris Cohn, Jr.*, for respondents. The question as to whether the tower as maintained is a nuisance and the amount of damages sustained by plaintiffs are both questions of fact, and the findings of the trial court having been unanimously affirmed by the Appellate Division, no question is presented for determination by this court. (Const. art. 6, § 9 ; Code Civ. Pro. § 191, subd. 4 ; *City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 168 N. Y. 619 ; *Garvey* v. *L. I. R. R. Co.*, 159 N. Y. 323.) The finding that the maintenance of the tower by defendant constituted a nuisance was the only legitimate finding deducible from the evidence. (*Shipley* v. *Fifty Associates*, 106 Mass. 194; *Walsh* v. *Mead*, 8 Hun, 387; *Cogswell* v. *R. R. Co.*, 103 N. Y. 10 ; *Campbell* v. *Seaman*, 63 N. Y. 568; *McKeon* v. *See*, 4 Robt. 449; 51 N. Y. 300 ; *Bohan* v. *P. J. G. L. Co.*, 122 N. Y. 18 ; *Garvey* v. *L. I. R. R. Co.*, 159 N. Y. 323 ; *Fletcher* v. *Rylands*, L. R. [1 Exch.] 265 ; *Penruddock's Case*, 5 Coke, 100b ; *Smith* v. *I. S. R. D. Co.*, 7 Misc. Rep. 374.)

CULLEN, J. The plaintiffs and the defendant are owners of adjacent properties on a street called the Riverway, in the city of Niagara Falls. The plaintiffs have constructed on their land a building used for a museum, with large skylights in the roof. The defendant has built on its land a hotel and a tower or observatory. This tower is about two hundred feet high, and is constructed of an open iron framework with braces and cross girders. At the top of the tower there is an observatory. Visitors are carried to and from the observatory by elevators. The whole structure is several feet within the limits of the defendant's land. As found by the trial court, during the winter ice is formed on the structure from sleet, melting snow and spray from the Falls of Niagara, which accu-

mulates, and when a thaw occurs large quantities of ice fall
from the tower upon the roof of the plaintiffs' building, in
size and with velocity sufficient to endanger human life, by
means of which plaintiffs' building and property have been
injured.    The action was brought to recover damages and for
an injunction to restrain the defendant from so maintaining
the tower as to suffer ice to fall therefrom on the plaintiffs'
property.    The trial court also found that the injury to plain-
tiffs' building and the accumulation and fall of ice from the
tower on the plaintiffs' property recurred each winter during
periods of thaw.    It further found that the tower was a safe,
substantial and suitable structure for the purpose for which it
was used.    On these facts it decided, as a matter of law, that
the maintenance and construction of the tower was a private
nuisance, and that the plaintiffs were entitled to a perpetual
injunction restraining the defendant from so maintaining the
structure that ice would form thereon and fall on the building
and premises of the plaintiffs.    A reference was ordered to
ascertain the plaintiffs' damages.    On the report of the referee
final judgment was entered for an injunction and damages.
This judgment was affirmed by the Appellate Division and an
appeal has been taken to this court.

The affirmance below having been unanimous, the question
presented here is whether the facts found entitle the plain-
tiffs to judgment.    The court has not found any negligence
in the character or plan of the structure maintained by the
defendant.    The element of negligence being thus eliminated,
the plaintiffs' right to recover depends on the duty that the
defendant owed to adjacent owners with reference to ice
that might accumulate on its building.    The law with refer-
ence to rainfall seems well settled.    So long as the owner of
land leaves it in its natural condition he is not required to
adopt any measures to prevent the flowage of surface waters
from his premises on the adjoining land ( *Vanderwiele* v.
*Taylor*, 65 N. Y. 341), but when he puts a structure on the
land a contrary rule prevails.    Then he must take care of the
water that falls on his premises, except in the case of extra-

ordinary storms.    In Washburn on Easements (p. 390, marginal) it is said of the right to eaves' drip : " It grows out of the fact that, for one to construct the roof of his house in such manner as to discharge the water falling thereon in rain upon the land of an adjacent proprietor, is a violation of the right of such proprietor, if done without his consent, and this consent must be evidenced by express grant or prescription." In *Bellows* v. *Sackett* (15 Barb. 96) it was held that the defendant could not maintain a building upon his lot, the water falling from the roof of which injured the plaintiff's building, whether the water actually fell in the first instance on the defendant's land or not.    In *Walsh* v. *Mead* (8 Hun, 387) it was held that where the roof of a building was so constructed as to render the snow falling upon it liable to be precipitated on the sidewalk without an adequate guard at the edge to retain it, it is in law a nuisance.    The doctrine of *Bellows* v. *Sackett* was followed in *Jutte* v. *Hughes* (67 N. Y. 267).    There this court said : " The proof showed that the defendant had paved the yard, thus causing the water to accumulate and render the yard less penetrable to the same, and conducted from the roofs of his houses to the privy in leaders and drains an unusual quantity of water beyond the capacity of the drains to carry away.    This he had no right to do, and he was bound to take care of such water as fell and accumulated upon his own premises and to prevent its causing any injury to the property of the plaintiff. (*Bellows* v. *Sackett,* 15 Barb. 96 ; *Foot* v. *Bronson,* 4 Lans. 51.)    *It matters not that the defendant did all that he reasonably could do to take the water off, if he suffered it improperly to increase on his own premises, and so as to flow on the plaintiff's premises.*"    The decisions in other states appear to be uniformly to the same effect.    In *Shipley* v. *Fifty Associates* (106 Mass. 194) it was held that maintaining a building with a roof constructed so that snow and ice collecting on it from natural causes will probably fall onto an adjoining highway renders the owner liable to a person injured.    It was there said : " It is not at all a question of reasonable care and diligence in the

management of his roof, and it would be of no avail to the
party to show that the building was of the usual construction,
and that the inconvenience complained of was one which,
with such a roof as his, nothing could prevent or guard
against. He has no right so to construct his building that it
will inevitably, at certain seasons of the year, and with more
or less frequency, subject his neighbor to that kind of incon-
venience; and no other proof of negligence on his part is
needed. *He must at his peril keep the ice or the snow that
collects upon his roof, within his own limits; and is respon-
sible for all damages, if the shape of his roof is such as to
throw them upon his neighbor's land, in the same manner as
he would be if he threw them there himself."* In *Gould* v.
*McKenna* (86 Penn. St. 297) the plaintiff's building was higher
than the defendant's rear building, on the roof of which, on
account of the height of adjacent buildings, water accumu-
lated and soaked through the plaintiff's wall. The defendant
was held liable, and it was there said: "Having pitched his roof
so as to carry the rainfall against and into the wall, it was his
duty to raise the apron or flushing so high as effectually to
protect the plaintiff's store from being flooded by the water
thus brought down. He had no right to carry the rainfall
on his premises into and upon the premises of the plaintiff.
This was a wrongful act, which he could not justify by aver-
ring the openness of the wall of the plaintiff." In *Tanner* v.
*Volentine* (75 Ill. 624) it is said: "It is well settled that if
the owner of a building causes the water to flow from the
roof upon the lot or ground of another, such other may
recover of him for the damages sustained, unless prevented by
some agreement." *Hazeltine* v. *Edgmand* (35 Kan. 202) is
to the same effect. It is to be observed that the structure of
the tower is not on the division line between the land of the
plaintiffs and that of the defendant, and, therefore, the ice
that is formed on the posts, beams and girders is accumulated
wholly on the defendant's land. If the shape of the tower
were such that rain falling on the defendant's premises would
run down the posts and then be cast on plaintiffs' building,

plainly, under the authorities cited, the defendant would be liable. It can make no difference on the question of the defendant's liability, that the water, instead of being precipitated on the plaintiffs' land, is allowed to congeal and freeze and fall in the form of ice. Nor is it material on the question of liability whether the ice proceeds from the fall of rain or from the spray and mist of Niagara Falls. The latter is just as much a natural phenomenon as the former. In climates where at certain seasons of the year the rain falls in the form of snow, the owner of land must build his structures with guards that would be unnecessary in places where there is no fall of snow. Likewise, where a structure is built so near Niagara Falls as to be subject to the precipitation thereon of spray and water from the falls, the owner is bound to take the necessary precautions against casting the water which falls on his own premises or the ice that is formed therefrom upon those of his neighbor.

I think the judgment below was right, and that it should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT and WERNER, JJ., concur; O'BRIEN, J., dissents; HAIGHT, J., not voting.

Judgment affirmed.