BESSIE L. KLEPPER, Respondent, *v.* SEYMOUR HOUSE CORPORATION OF OGDENSBURG, INC., and Another, Appellants, Impleaded with THOMAS C. MURRAH, Defendant.

Third Department, March 13, 1925.

Nuisance — action against property owner and city to recover for injuries suffered when ice, falling from cornice of building, struck plaintiff, who was on sidewalk — plaintiff's neck was broken at sixth vertebræ and her left side and head were injured — proof that distance between said building and one on opposite side of street was less than width of street not proof that building encroached on street — building was not nuisance and city was not liable — owner of building had no notice of nuisance and is not liable — no liability exists on theory of negligence since evidence does not sustain that theory, and furthermore case was tried on theory of nuisance — city not liable on theory of negligence in absence of notice — evidence — error to admit map, not properly authenticated — error to permit answer to question as to location of sidewalk line, and to admit report of common council — damages for $50,000 excessive.

A city is not liable, on the theory of nuisance, for injuries suffered by a pedestrian, who, while she was walking along the sidewalk, was struck by ice falling from the cornice of a building adjoining the sidewalk, since the evidence does not establish that the building encroached on the street.

Evidence that the distance between the building and a building on the opposite side of the street is less than the width of the street, does not prove that the building in question encroached upon the street, in the absence of proof that the building on the opposite side of the street was erected on the street line.

The property owner is not liable on the theory of nuisance, the building not encroaching on the street, since it had no notice of the existence of any nuisance prior to the accident. A recovery cannot be had on the theory of negligence against the property owner, since the evidence does not establish such a finding, and for the further reason that the case was sent to the jury on the theory of nuisance.

A recovery cannot be had against the city on the theory of negligence in failing to compel the property owner to remove the ice that had collected on the cornice of the building.

It was error for the court to admit in evidence an old map and testimony tending to fix the width of the street by measurements therefrom, since the map was not properly authenticated, and the court should not have permitted a witness to answer a question whether or not the sidewalk line ran right up to the wall of the property, since the question called for a conclusion, and the answer tended to prove the location of the sidewalk line rather than that of the sidewalk as laid. It was also error for the court to receive the report of a committee of the common council which was based on hearsay evidence, and which in itself was not competent.

The injuries suffered by the plaintiff, who, at the time of the accident, was twenty-nine years of age, were not proved to be permanent, and the duration thereof and the disability incurred is too problematical to be treated as permanent, though she suffered a broken neck at the sixth vertebræ and injuries to her head and her left side, and, therefore, a verdict for $50,000 is excessive.

APPEAL by the defendants, Seymour House Corporation of Ogdensburg, Inc., and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 10th day of July, 1924, upon the verdict of a jury for $50,000, and also from an order entered in said clerk's office on the 19th day of July, 1924, denying said defendants' motion for a new trial made upon the minutes.

*Frank J. Ryan* [*Francis E. Cullen* and *James F. Akin* of counsel], for the appellant Seymour House Corporation.

*Edward P. Lynch* and *John M. Barr* [*George H. Bowers* of counsel], for the appellant City of Ogdensburg.

*Edmund Fitz Gerald* [*Delos M. Cosgrove* of counsel], for the respondent.

McCANN, J.:

This action is to recover damages for personal injuries sustained by plaintiff. On the forenoon of January 15, 1923, plaintiff aged twenty-nine years, while walking with her two children along State street in the city of Ogdensburg was struck by a mass of ice and snow which fell from the cornice of the roof of the Seymour

House hotel building. She was rendered unconscious, her neck was broken at the sixth vertebra and her left side and head were wounded. The description of her injuries indicates that they were of a very serious nature. The jury rendered a verdict for $50,000. This appeal raises the question of the liability (1) of the Seymour House Corporation; (2) of the city of Ogdensburg; (3) and also of excessive damages. On the trial the complaint was dismissed as to the tenant, the defendant Murrah. Having arrived at the conclusion that there is no liability on the part of any of the defendants, it is unnecessary to discuss the extent of the injuries and the damages sustained therefrom.

The Seymour House property is located on the southeast corner of State and Ford streets; the main or so-called hotel portion of the building being located on the corner, facing westerly. This is a three-story building. Adjoining this building is a four-story brick building called the wing running southerly along State street, the lower floor of which is occupied for business purposes and the three upper floors are occupied by the hotel. The accident happened on State street in front of the wing. The wall of this portion of the building was constructed in 1851. It is stipulated that the front wall and the cornice from which the snow and ice fell upon the occasion in question occupied at the time of the trial the same position as when constructed. The cornice in question projects sixteen and one-half inches from a frieze, with a drop of nine inches from the wall to the edge. Above the cornice there is a continuation upward of the frieze which is designated as the parapet wall. This wall extends above the roof which slants easterly. The edge of the cornice is fifty-two feet seven and one-half inches from the sidewalk and the parapet wall is two feet six inches in height. The cornice is built of wood and the cap or top of it is covered with tin. It was upon this cornice that snow and ice accumulated.

The first question to be answered is whether the building and particularly the State street wing is located within the street lines. The plaintiff contends that the State street wing encroaches upon State street to the extent of one and six-tenths feet. To sustain this proposition, evidence was given by George W. Wright, an engineer, that he measured the distance from the water table of the Judson block, which is directly opposite the Seymour House property, to the water table of the Seymour House property and found the distance to be seventy-eight and four-tenths feet. City Engineer Tate testified that the width of State street is eighty feet. The plaintiff, therefore, assumes that there is an encroachment. The last-mentioned testimony is not proof of the location of the street line; in fact this witness testified that he never attempted to locate

the street boundaries. There is no proof that the Judson block is on the line; therefore, the testimony of these two witnesses furnishes no foundation for locating the easterly line of State street. There is no evidence in this action of any encroachment of the State street wing in the public street of the city of Ogdensburg. This eliminates from the case the consideration of the State street building being a nuisance maintained by the city and being within the street boundaries and the building must be regarded as bounding thereon. The complaint alleges two separate causes of action — for the maintenance of a nuisance and for negligence. On the question of a nuisance from the standpoint of the hotel corporation see *Conhocton Stone Road* v. *Buffalo, N. Y. & E. R. R. Co.* (51 N. Y. 573) as follows: " In order to maintain an action for damages resulting from a nuisance upon defendant's land, where such nuisance was erected by a previous owner before conveyance to defendant, it is necessary to show that before the commencement of the action he had notice or knowledge of the existence of the nuisance, but it is not necessary to prove a request to abate it." (See, also, *Ahern* v. *Steele*, 115 N. Y. 203, as follows: " There is no authority from the reported decisions or from the text books which imposes upon the landlord, not otherwise liable for a nuisance upon demised premises, the duty of active vigilance to ascertain their condition. A landlord has never been held responsible for a nuisance because he did not himself obtain notice of its existence. But it has always been held to be the duty of any person seeking to enforce the landlord's responsibility for a nuisance to show that he had such notice.")

This is the law as applicable to the defendant hotel corporation and has never been questioned in subsequent decisions; in fact, the respondent plaintiff does not dispute, discuss or refer to either case on her brief. With this statement of the law in mind, the facts should be considered which constitute the notice claimed. Under the facts proved, whether or not the hotel property was located in the public street, it cannot be held liable on the theory of a nuisance. A cause of action may exist for negligence (*Davis* v. *Niagara Falls Tower Co.*, 171 N. Y. 336; *Vincett* v. *Cook*, 4 Hun, 318), but no recovery can be upheld in this case on the theory of negligence because the proof does not sustain such a finding and the case was not sent to the jury upon that theory. Having concluded that there is no evidence to show an encroachment of this property on the public street, the liability, if any, which existed against the city of Ogdensburg is based upon the law of negligence and not nuisance.

Inasmuch as no such negligence has been proved under any

circumstances it is unnecessary to discuss the question of notice. The evidence offered as to the city's negligence bears only upon its duty to abate the nuisance that existed. In the instant case it would have been trespass by the city officials to have gone upon the roof of the hotel property to remove the snow and ice therefrom. In *Cain* v. *City of Syracuse* (95 N. Y. 83, 89) it is said: "No power is here given to the corporation to enter upon private property and abate a private nuisance. It can only act indirectly by putting a command upon the owner, and punishing his disobedience." (Referring to a section of the city charter.) The common council in its discretion had authority to remove encroachments on its streets, but as to the abatement of a nuisance on adjoining property their remedy was an action in equity. (*Village of Haverstraw* v. *Eckerson*, 192 N. Y. 54.) Such action was discretionary and failure to act could not be made the basis of a claim against the city. (City Charter of Ogdensburg [Laws of 1893, chap. 87], § 25, subds. 3, 4, 21; *Landau* v. *City of New York*, 90 App. Div. 50; *Cain* v. *City of Syracuse, supra.*)

This action is brought on the theory of both negligence and nuisance. The plaintiff was asked but not compelled to elect before submission to the jury. The charge is solely on the theory of nuisance. During the trial the plaintiff's attorney specifically stated his theory of the case as one of nuisance. The judgment cannot stand against either defendant on either theory.

This judgment should also be reversed because of prejudicial errors committed at the trial. An old map was introduced in evidence, together with testimony tending to fix the width of the streets by measurements therefrom. The map was not authenticated and should not have been received. A question was also asked: "Does this sidewalk line [referring to the place of the accident] run right up to the wall of the Seymour House property?" This question was properly objected to as calling for a conclusion as to where the sidewalk line was. The effect of the question and answer as given is to introduce proof as to the location of the sidewalk line rather than of the sidewalk as laid. There was also error in receiving the report of the committee of the common council, which was based upon hearsay evidence and which evidence in itself was not competent.

There is no necessity for reviewing the testimony produced as to injuries sustained and the consequent damages to the plaintiff. Such injuries were not proved to be permanent and the duration thereof and the disability incurred is too problematical to be treated as permanent. It is sufficient to say that the damages awarded are excessive.

The judgment and order should be reversed on the law and the facts and a new trial ordered, with costs to each defendant.

All concur; COCHRANE, P. J., in the result.

Judgment and order reversed on the law and the facts and new trial granted, with costs to the appellants to abide the event.