Helen M. COBAI and Coralie C. Cobai, Plaintiffs-Appellees,

v.

Michael M. YOUNG and Cheryl Dorene Gannon, Defendants-Appellants.

No. 82CA0187.

Colorado Court of Appeals, Div. II.

March 1, 1984.

---

Klingsmith & Associates, P.C., Philip C. Klingsmith, III, Gunnison, for plaintiffs-appellees.

Bennett, Heinicke & Hollaway, Cuba Y. Hollaway, Colorado Springs, for defendants-appellants.

METZGER, Judge.

This appeal involves a dispute between adjoining landowners, plaintiffs, Helen M. and Coralie C. Cobai, and defendants, Cheryl Dorene Gannon and Michael M. Young. The Cobais sought damages and injunctive relief based upon theories of trespass, outrageous conduct, and negligent design and location of defendants' house. The Cobais sought damages from defendants' architect, James Kuziak, for outrageous conduct. Defendants claimed against Kuziak seeking indemnity on the theory of negligence should the Cobais prevail. The trial court awarded the Cobais nominal damages of $1 against defendants. And, based upon the theory of continuing trespass, the trial court issued a permanent injunction prohibiting defendants from allowing snow and related materials to slide or be propelled from their roof in such a manner as to strike the Cobais' house. All other claims

were dismissed with prejudice. The trial court awarded Kuziak his court costs divided equally between the Cobais and defendants. Defendants appeal; we affirm.

The trial court found the following facts. The Cobais and defendants own homes on adjacent lots in Crested Butte. The annual snowfall there is 300 to 500 inches. The Cobais' house was built in the 1930's and is located within inches of the defendants' and the Cobais' property line.

Crested Butte created a Board of Zoning and Architectural Review (BOZAR) in the late 1970's. The Cobais' house is non-conforming under BOZAR because it does not meet the minimum set-back requirement of 7.5 feet. Although defendants' lot had a limited buildable area, they complied with BOZAR requirements and received approval of their building plans. The Cobais did not protest defendants' proposed plan, and defendants constructed their house in 1978.

The roofs of both houses are of metal construction. The roof of the Cobais' one-story house slopes toward defendants' house, and the roof of defendants' two-story house similarly slopes toward the Cobais' house. While defendants' house complies with minimum set-back requirements of 7.5 feet, the eaves of the two houses are separated by a horizontal distance of only 7 feet, 7.5 inches. Snow accumulates on defendants' roof and then slides off, occasionally striking the roof and west side of the Cobais' house. The sliding snow creates a thunderous noise, jars the Cobais' house, and has caused some non-structural damage. Should the snow continue to slide into the Cobais' house, it will likely cause structural damage in the future.

## I.

Defendants first argue that the trial court's findings of fact are unsupported by the record. We disagree. We conclude that the trial court's findings are amply supported by the evidence. Thus, we will not disturb them on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

■ Defendants next argue that the trial court erred in its conclusion that snow sliding from their roof onto the Cobais' house is a trespass. We disagree.

"A landowner who sets in motion a force which, in the usual course of events, will damage property of another is guilty of trespass on such property." *Miller v. Carnation Co.*, 33 Colo.App. 62, 68, 516 P.2d 661 (1973). We conclude that the trial court correctly applied this rule where an improvement constructed by the landowner becomes the instrument which propagates a damaging force.

The trial court found that defendants own property with a house and roof constructed on it in such a way that snow sliding from the roof of their house occasionally strikes the Cobais' house. The trial court therefore concluded that defendants control on their property an instrumentality which sets in motion a force which, in the usual course of events, will damage the Cobais' property. Thus, the trial court properly held defendants liable to the Cobais for trespass. *Miller v. Carnation Co., supra; Fairview Farms Inc. v. Reynolds Metals Co.*, 176 F.Supp. 178 (1959); *Restatement (Second) of Torts* § 158.

■ Defendants contend, however, that this court should recognize an exception to liability for trespass in this case because Crested Butte is in a heavy snowfall area. They argue that there are similar exceptions recognized under Colorado case law for water drainage and wandering cattle.

The instrumentality here is a roof, not a water drainage system or a fence to keep cattle out. We decline to identify a party's liability for a roof which collects snow with the liability associated with a complicated water drainage system which is the subject of historical case law. Even if we accepted defendants' analogy to water drainage systems, a continuing trespass is present in the discharge of water if a drain sends water down in a manner or quantity to do more harm than formerly. *Docheff v. City*

*of Broomfield,* 623 P.2d 69 (Colo.App. 1980).

Defendants' analogy to the law governing damage done by trespassing livestock is too strained to be pertinent. *See Sa-Bell's Inc. v. Flens,* 627 P.2d 750 (Colo. 1981); *see also* § 35–46–102, C.R.S.

While there are no Colorado cases involving snow sliding off a roof and damaging an adjoining landowner's property, other courts have found liability in similar occurrences. *See Bishop v. Readsboro Chair Mfg. Co.,* 85 Vt. 141, 81 A. 454 (1911); *Davis v. Niagara Falls Tower Co.,* 171 N.Y. 336, 64 N.E. 4 (1902), 48 A.L.R. 1248.

Finally, we reject the contention that the usual amount of snow an area receives should affect a party's liability.

### III.

■ Defendants further assert that, because they conformed with BOZAR regulations, they are not liable to Cobai for damages resulting from the use of their property. We disagree.

"Regardless of compliance with ordinances and regulations, both business and residential uses are enjoinable in a proper case if they constitute a continuing trespass on the property of another." *Docheff v. City of Broomfield, supra.* The trial court found defendants liable for a continuing trespass. Defendants cannot therefore attempt to justify an unlawful act by virtue of their having complied with zoning regulations in the construction of their home.

### IV.

■ Defendants next argue that the trial court improperly granted the Cobais an injunction because a suit at law for damages is an adequate remedy. We disagree. Since defendants' trespass is continuous, the Cobais' only remedy at law would involve a multiplicity of suits for each recurrence of the trespass. As such, the remedy at law is inadequate. *Boglino v. Giorgetta,* 20 Colo.App. 338, 78 P. 612 (1904). And, where further trespasses of the same kind are threatened, an injunction will lie. *Koch v. Story,* 47 Colo. 335, 107 P. 1093 (1910). Therefore, the trial court correctly issued an injunction affording the Cobais protection against further damage. *Gladin v. Von Engeln,* 195 Colo. 88, 575 P.2d 418 (1978).

### V.

■ Citing *Cass Company-Contractors v. Colton,* 130 Colo. 593, 279 P.2d 415 (1955), defendants contend that the injunction should not stand because it is vague and uncertain. There, our Supreme Court reversed the trial court's injunction because it had ordered the parties to negotiate the blasting methods the defendant could use in its quarry operations so as to prevent damage to the plaintiff's homes. In contrast, the injunction here does not order the parties to negotiate how defendants may use their property; rather it provides that defendants:

> "are enjoined and prohibited from allowing snow and related materials to slide or be propelled from their house in such a manner as to strike or otherwise impact upon the Plaintiffs' house with sufficient force to cause damage to the Plaintiffs' house. The solution devised by the Defendants to comply with this injunction shall not unreasonably interfere with the Plaintiffs' ability to remove snow from the roof of their house."

We find the order to be clear and unambiguous.

### VI.

■ Finally, defendants contend the trial court erred in assessing each party one-half the court costs of third-party defendant, Kuziak. We disagree. Since both parties had claims against Kuziak at trial, and since claims by both parties against Kuziak were dismissed, Kuziak is the prevailing party. Therefore, under C.R.C.P. 54(d), the trial court properly allowed Kuziak his costs against the Cobais and the defendant equally.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.