**Flora Anne POOLE, Plaintiff-Appellee and Cross-Appellee,**

v.

**ESTATE OF Robert Lee COLLINS, Defendant-Appellee and Cross-Appellant,**

**and**

**William J. Hudick, Hudick Excavating, Inc., a Colorado corporation, and Donald D. Marick, Defendants-Appellants.**

No. 85CA0561.

Colorado Court of Appeals, Div. I.

Oct. 9, 1986.

Burg and Wolfe, P.C., Charles D. Burg and Paula D. Young, Denver, for plaintiff-appellee and cross-appellee.

Madden & Strate, P.C. and Deana R. Willingham, Wheat Ridge, for defendant-appellee and cross-appellant.

Hall & Evans, Richard A. Hanneman and Alan Epstein, Denver, for defendants-appellants.

ENOCH, Chief Judge.

The sole issue on appeal is whether the trial court abused its discretion in assessing costs incurred by defendant Estate of Robert Lee Collins against defendants William J. Hudick, Hudick Excavation, Inc., and Donald D. Marick. We conclude that it did not.

In November 1982, plaintiff, Flora Anne Poole, a passenger in a car driven by Robert Lee Collins, was injured as a result of a collision with a tractor-trailer owned by Hudick Excavation, Inc., and driven by Donald D. Marick. Plaintiff commenced this action against William J. Hudick, Hudick Excavation, Inc., and Donald D. Marick (collectively Hudicks), alleging that their negligence in repairing, inspecting, and maintaining the tractor-trailer caused the accident. Hudicks filed a third-party complaint against the Estate of Robert Lee Collins (Estate), and a counterclaim against plaintiff, alleging that Collins and plaintiff has been negligent, and seeking indemnification and contribution. Plaintiff subsequently initiated a second negligence action against the Estate. These actions were consolidated by order of the trial court.

At trial, for purposes of simplification, the jury was not instructed as to the indemnification and contribution claims asserted by Hudicks. The jury returned verdicts in favor of plaintiff on her complaint against Hudicks and in favor of the Estate on plaintiff's complaint against it. The trial court then dismissed with prejudice plaintiff's complaint and Hudicks' third-party complaint against the Estate on the basis of the jury's finding that Collins had not been negligent. Finally, the trial court assessed costs incurred by the Estate against Hudicks.

Arguing that Colorado law does not permit the assessment of costs against an unsuccessful co-defendant in favor of a successful defendant, Hudicks contend that the trial court's assessment of costs was improper. We find no error in the court's holding.

When a verdict is entered against a plaintiff, the defendant is entitled to recover from plaintiff his costs incurred defending the suit. Section 13–16–105, C.R.S. Similarly, under C.R.C.P. 54(d), costs are allowed as of course to the prevailing party unless a statute or rule otherwise provides or the trial court otherwise directs.

If claims asserted against one defendant by another defendant are ultimately dismissed, the defendant against whom the claim was asserted is considered the prevailing party. *Cobai v. Young*, 679 P.2d 121 (Colo.App.1984); C.R.C.P. 54(d). If a defendant asserts claims against another party by way of cross-complaint, the defendant is considered a plaintiff with respect to those claims. *Cone v. Montgomery*, 25 Colo. 277, 53 P. 1052 (1898).

Here, the Estate was the prevailing party with respect to the third-party claims asserted by Hudicks, who must be considered the plaintiffs with respect to those claims. *See Cobai v. Young, supra.* Thus, an assessment of costs incurred by the Estate against Hudicks was proper under either C.R.C.P. 54(d) or § 13–16–105, C.R.S.

The case, as submitted to the jury, required only a determination as to which party had been negligent: plaintiff, Hudicks, or Collins. The jury, by special verdict, found Hudicks 95 percent negligent, plaintiff five percent negligent, and no negligence on the part of Collins. While the trial court could have assessed against plaintiff a portion of the Estate's costs, *see Cobai v. Young, supra,* under the circumstances here, we find no abuse of discretion

in its order assessing all costs against Hudicks.

■ For similar reasons, we reject the Estate's contention that § 13–16–105, C.R.S., mandates an assessment of costs against plaintiff. For the purpose of assessing costs, Hudicks, as well as plaintiff, occupied the position of "the plaintiff" with respect to the Estate. Accordingly, the trial court's assessment of costs was proper under § 13–16–105, C.R.S., and within the bounds of its discretion. *See Cobai v. Young, supra.*

Hudicks' contention that the trial court was without authority to award costs against Hudicks because such an award was not requested by the Estate is not supported by the record. In its answer to Hudicks' third-party complaint, the Estate prayed for costs to be assessed against Hudicks.

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.