Carolyn **HALE** and Chere **Kossick,**
Plaintiffs–Appellants,

v.

Laura **ERICKSON,** Defendant–Appellee.

No. 00CA0043.

Colorado Court of Appeals,
Div. IV.

March 29, 2001.

Wilcox & Ogden, P.C., M. Anne Wilcox, Ralph Ogden, Denver, CO, for Plaintiffs–Appellants.

Seaman & Giometti, P.C., Gregory R. Giometti, Karl A. Chambers, Denver, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiffs, Carolyn Hale and Chere Kossick, appeal from the entry of judgment awarding costs to defendant, Laura Erickson. We affirm.

Defendant's automobile collided with a vehicle occupied by plaintiffs. Plaintiffs filed a negligence action against defendant seeking damages for personal injuries allegedly sustained in the collision. Defendant admitted liability but denied that plaintiffs suffered any compensable damages.

Prior to trial, defendant submitted a $500 statutory offer of settlement to each plaintiff pursuant to § 13–17–202(1)(a)(II), C.R.S. 2000. The initial trial resulted in a mistrial. At the conclusion of the second trial, the jury determined that neither plaintiff had proven that she had incurred the minimal statutory threshold level of damage required for recovery pursuant to § 10–4–714(1), C.R.S.2000. Consequently, the jury returned a verdict in favor of defendant.

As a result of the verdict, defendant submitted a bill of costs pursuant to § 13–17–202(1)(a)(II), C.R.S.2000, and C.R.C.P. 54(d). Defendant requested costs totaling $32,368.88 and sought an order imposing joint and several liability for payment.

Plaintiffs filed an objection, arguing, inter alia, that defendant had not actually incurred the requested costs because they had been

paid by defendant's insurer and that their liability for the costs should not be joint and several.

The trial court entered an order requiring plaintiffs, jointly and severally, to pay defendant costs totaling $20,524.88.

## I.

Section 13–17–202(1)(a)(II) provides:

If the defendant serves an offer of settlement at any time more than ten days before the commencement of the trial that is rejected by the plaintiff and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff.

■ Plaintiffs argue that costs should not be awarded to a prevailing party pursuant to that statute when an insurance company has paid or advanced those costs.

■ However, § 13–17–202(1)(a)(II) does not provide that to recover costs, a defendant must be liable for, or have paid, such costs. Instead, it requires payment of actual costs "accruing" after the offer of settlement. The purpose of this statutory provision, by the automatic imposition of an award of actual costs, is to penalize a nonsettling plaintiff. *See Carpentier v. Berg*, 829 P.2d 507 (Colo. App.1992) (statute's intended purpose is to encourage settlement and curb protracted and fruitless litigation); *see also Centric–Jones Co. v. Hufnagel*, 848 P.2d 942 (Colo. 1993) (§ 13–17–202 was designed to make the legal system more effective and efficient by discouraging the filing of unnecessary litigation, by encouraging settlement, and by encouraging more timely resolution of disputes). Whether it was the defendant or, instead, a third party, that actually paid those costs is irrelevant to that purpose.

■ A statute should be read to give effect to its policy and objective and to avoid interpretations that nullify the purpose and intent. *See Passamano v. Travelers Indemnity Co.*, 882 P.2d 1312 (Colo.1994). If, as plaintiffs urge, we were to construe § 13–17–202(1)(a)(II) to be inapplicable when an insurance company has funded defense costs, the intent of the statute would be severely thwarted. Insurance defense is common, and plaintiffs in such situations necessarily would have less incentive to settle.

Plaintiffs argue that, here, however, unlike in some cases, defendant has no obligation to reimburse her insurance company for the costs she recovers and that this results in an unfair windfall to her. We are unable to determine whether such a reimbursement obligation exists because defendant's insurance policy is not included in the appellate record. However, even if we assume that defendant's insurer is not entitled to reimbursement, allowing recovery of costs by defendant is more consistent with the statutory purpose than permitting plaintiffs to avoid paying costs solely because defendant happened to maintain insurance coverage.

■ Our conclusion that a defendant is entitled to recover costs even if those costs were actually paid by an insurance company is consistent with decisions by courts in other jurisdictions that have enacted settlement/costs statutes similar to § 13–17–202(1)(a)(II). *See Aspen v. Bayless*, 564 So.2d 1081 (Fla.1990) (party is not precluded from recovering costs under rule pertaining to offer of judgment when someone other than named party pays or advances those costs); *Butt v. Giammariner*, 173 Mich.App. 319, 433 N.W.2d 360 (1988) (despite fact that defendant's insurer actually incurred such costs, court properly awarded defendant costs necessitated by plaintiffs' failure to stipulate to entry of judgment).

Also, plaintiffs provide no authority prohibiting an award of costs under C.R.C.P. 54(d) to a defendant whose insurance company has actually paid or advanced such costs. Indeed, such an award appears to be proper. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633 (11th Cir.1991) (determining that city could recover costs as the prevailing party under Fed.R.Civ.P. 54(d) notwithstanding fact that city's insurer actually paid such costs).

## II.

■ Plaintiffs next contend that the trial court erred in taxing costs against them jointly and severally. We disagree.

Although a trial court may allocate costs between various parties, *see Cobai v. Young,* 679 P.2d 121 (Colo.App.1984), it may also impose joint and several liability for such costs. The decision whether to allocate costs between parties or, instead, impose joint and several liability lies within the sound discretion of the trial court. *See Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152 (Colo.App.1995).

Here, a review of the record reveals that a significant portion of the costs actually awarded were not clearly apportionable to one plaintiff or the other. Under these circumstances, we conclude that the trial court did not abuse its discretion in making the award of costs against plaintiffs joint and several. *See Winkler v. Rocky Mountain Conference of United Methodist Church, supra.*

The judgment is affirmed.

RULAND and KAPELKE, JJ., concur.