25CA0553 Winninger v Kirchner 05-14-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0553
Eagle County District Court No. 17CV30102
Honorable Paul R. Dunkelman, Judge

---

Lindsay Winninger and Sports Rehab Consulting, LLC, a Colorado limited liability company,

Plaintiffs-Appellants,

v.

Doris Kirchner,

Defendant-Appellee.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

---

Kildow & Braunschweig LLC, Sonya R. Braunschweig, Minneapolis, Minnesota, for Plaintiffs-Appellants

Fennemore Craig, P.C., John M. McHugh, Allison M. Hester, Denver, Colorado, for Defendant-Appellee

¶ 1     In this appeal, plaintiffs challenge the award of costs to prevailing codefendant, Doris Kirchner, on the ground that the costs were paid by and also necessary for the defense of nonprevailing codefendant, Vail Clinic, Inc., d/b/a Vail Valley Medical Center (Vail Health).  We affirm.

## I.     Background

¶ 2     Plaintiffs, Lindsay Winninger and Sports Rehab Consulting, LLC, filed claims against Vail Health and Kirchner, Vail Health's CEO.  Vail Health, but not Kirchner, filed counterclaims against plaintiffs.  During much of the litigation, Kirchner and Vail Health were represented by the same attorneys.

¶ 3     All the claims and counterclaims were unsuccessful — plaintiffs' claims were dismissed on summary judgment, and Vail Health's counterclaims were either voluntarily dismissed, dismissed on summary judgment, or rejected by a jury.

¶ 4     Both Kirchner and Vail Health requested their costs as prevailing parties.  The district court determined that Kirchner was a prevailing party because she prevailed on all the claims in which she was a party (she successfully defended against all of plaintiffs' claims).  But the court determined that Vail Health was not a

prevailing party and therefore not entitled to costs because, although it successfully defended against plaintiffs' claims, its own counterclaims failed.

¶ 5     The court then held a costs hearing.  It recognized that Vail Health had paid Kirchner's costs — Vail Health agreed to indemnify Kirchner for her costs because plaintiffs' claims against her were based on conduct undertaken in her professional capacity as Vail Health's CEO.  The court also recognized that many costs incurred by the Kirchner-Vail Health attorneys were incurred for the defense of both codefendants.

¶ 6     Ultimately, the court ordered plaintiffs to pay Kirchner $53,952.18 in costs.  In its written order, the court found that all the awarded costs were reasonable and necessary for Kirchner's defense, irrespective of whether they might have also been necessary for Vail Health's defense.

¶ 7     Plaintiffs appeal the cost award.  As we understand it, they argue that, even though Kirchner was a prevailing party, she was ineligible for the award because at least some of the awarded costs were also necessary to Vail Health's defense, and Vail Health paid

the costs.  We conclude that none of plaintiffs' arguments warrant relief.

## II.    Costs Award

¶ 8    We review a trial court's costs award for an abuse of discretion.  *Gallegos Fam. Props., LLC v. Colo. Groundwater Comm'n*, 2017 CO 73, ¶ 37.  However, we review a court's interpretation of statutes and rules in awarding costs de novo.  *Id.*

¶ 9    C.R.C.P. 54(d) makes a prevailing party eligible to receive its reasonable and necessary costs of litigation.  *Id.* at ¶ 42.  There is no question that for costs to be awardable, they must have been incurred by the prevailing party, not another party.  But the fact that "an insurer or other third party actually paid those . . . costs" does not change the fact that the costs were incurred by the prevailing party and, therefore, awardable to the prevailing party if they were reasonable and necessary.  *Monell v. Cherokee River, Inc.*, 2015 COA 21, ¶ 23; *see Hale v. Erickson*, 23 P.3d 1255, 1257 (Colo. App. 2001).

¶ 10    As we understand it, plaintiffs do not challenge the district court's determination that the awarded costs were necessary (or reasonable) for Kirchner's defense.  Instead, they argue that many

of those costs were also necessary for Vail Health's defense, and this fact should preclude those costs from being awarded to Kirchner. As plaintiffs tell it, the court should have segregated out the costs that were necessary to *only Kirchner's defense* and awarded only those costs. But plaintiffs cite no authority for this proposition, and we are aware of none.

¶ 11　Moreover, the logic of such a proposition is unclear to us. We fail to see why costs that would otherwise be awardable to the prevailing codefendant could become unawardable because they also happened to be necessary to the defense of a nonprevailing codefendant. We therefore follow the well-established rule that a prevailing party is entitled to the reasonable and necessary costs they incur in litigation. *See Gallegos*, ¶ 42.

¶ 12　Also, the fact that Vail Health paid Kirchner's costs is irrelevant. Costs are incurred by a defendant even if they are actually advanced or paid by a third party, like an insurer. *Monell*, ¶ 23; *Hale*, 23 P.3d at 1257. We see no reason to distinguish between a third-party insurer and a third-party nonprevailing codefendant — the fact remains that plaintiffs sued Kirchner as an

4

individual, distinct from Vail Health, and the trial court found that she incurred costs in defending herself.

¶ 13    Finally, to the extent that plaintiffs attempt to characterize Kirchner as a free rider on Vail Health's proverbial litigation bus, this analogy breaks down in light of the district court's unchallenged determination that the awarded costs were necessary for Kirchner's defense.  That the costs might also have been necessary for Vail Health's defense does not make them any less necessary for Kirchner's.  If plaintiffs did not want to be liable for Kirchner's costs, they should not have sued Kirchner and forced her to incur costs to defend herself.

¶ 14    In sum, plaintiffs do not dispute the district court's finding that the awarded costs were reasonable and necessary for Kirchner's defense.  Instead, they argue that the costs were incurred by Vail Health because Vail Health paid them and were also necessary for Vail Health's defense.  But the fact that Vail Health paid the costs does not change the fact that they were incurred by Kirchner.  *See Monell*, ¶ 23; *Hale*, 23 P.3d at 1257.  And the fact that they might have also been necessary for Vail Health's defense did not make them any less necessary for Kirchner's.  We

therefore disagree that the court should have segregated the costs as plaintiffs suggest and we reject plaintiffs' challenge to the costs award.

### III. Appellate Costs and Attorney Fees

¶ 15    Lastly, Kirchner requests her costs and attorney fees incurred in defending this appeal.  We agree that she is entitled to her appellate costs.  *See* C.A.R. 39(a)(2) ("[I]f a judgment is affirmed, costs are taxed against the appellant.").  But we decline to award her appellate attorney fees.

¶ 16    Kirchner requests appellate attorney fees under section 13-17-102(2), C.R.S. 2025, which provides for such an award for defending an appeal that is substantially frivolous, substantially groundless, or substantially vexatious.  § 13-17-101.5(1), C.R.S. 2025.  An appeal that advances a novel legal argument for which no determinative authority exists is not frivolous, groundless, or vexatious.  *See M Life Ins. Co. v. Sapers & Wallack Ins. Agency, Inc.*, 962 P.2d 335, 338 (Colo. App. 1998).

¶ 17    At the core of plaintiffs' appeal is the creative contention that there is a meaningful difference between a third-party insurer who pays a prevailing defendant's costs and a nonprevailing codefendant

with overlapping costs who does the same. We found this argument lacking in logic and supporting authority and ultimately rejected it. But it is nonetheless an argument that, to our knowledge, has yet to be squarely rejected by a Colorado court. Consequently, we cannot say that it is substantially frivolous, groundless, or vexatious. We therefore decline to award Kirchner her appellate attorney fees.

## IV. Disposition

¶ 18　The district court's order awarding Kirchner costs is affirmed.

JUDGE JOHNSON and JUDGE GOMEZ concur.